## Bryan *v.* City of Greenwood.

[73 South. 728, Division A.]

1. STATUTES. *Sufficiency of title.*

There is no constitutional requirement as to the sufficiency of the title of a legislative act.

2. STATUTES. *Amendment. Constitutional provisions. "To be amended as follows."*

Laws 1912, chapter 260, providing that the statutes therein dealt with should "be amended as follows" does not violate section 61 of the Constitution, for the Legislature, by providing that the

statutes therein dealt with should "be amended as follows" mani-
festly intended that they should "be amended so as to read as
follows."

3. MUNICIPAL CORPORATIONS.   *Street improvement.   Ordinances.   De-
scription.*

Where a city ordinance providing for paving was incomplete for
the reason that it provided "that said paving be done with any
one of the following materials to wit: Bithulithic, creosoted wood-
en blocks, or vitrified brick." This defect if such it was, was
remedied by a subsequently adopted ordinance, providing that the
paving be done with creosoted wooden blocks.

4. SAME.

In such case if the first ordinance was incomplete a property owner
had the statutory period after the publication of the second ordi-
nance, in which to file a protest against the proposed improve-
ment.

5. PLEADING.   *Admission.   Matter to be proved.   Publication.   Evi-
dence.*

Where a bill of complaint alleged the publication of an ordinance
and this was not denied by the answer, no evidence of such pub-
lication was necessary.

6. MUNICIPAL CORPORATIONS.   *Street improvement.   Notice.*

Since Laws 1912, chapter 260, in relation to public "improvements,"
does not require notice to property owners other than that con-
tained in the publication of an ordinance passed under the stat-
ute, which allows a property owner 30 days in which to do the
work of a proposed improvement abutting his property, and
Code 1906, section 3412, providing for such notice, was not
brought forward in the statute, a property owner could not
complain that no notice was given him by the city to lay the
pavement himself.

7. MUNICIPAL CORPORATIONS.   *Street improvements.   Right of property
owner to make.*

Since no duty is imposed on the Legislature by the Constitution
to permit property owners to make special improvements them-
selves and such a provision could have been omitted altogether
from the statute, the question whether the 30 days allowed prop-
erty owners under the statute to do the work themselves, is a
sufficient length of time to enable them to do so, is wholly imma-
terial.

8. MUNICIPAL CORPORATIONS.   *Street improvement.   Ordinance.*

Where an ordinance providing for street improvement was duly
published, a property owner cannot resist payment of his assess-

ment on the ground that he failed to protest against the improvement; because he thought the city intended to pay the entire cost thereof itself and charge no part thereof to the property owners, for the reason that it adopted an ordinance providing for the issuance of bonds for the purpose of obtaining money with which to pay for improvements on several of its streets on one of which defendant's property was located.

Appeal from the chancery court of Leflore county. Hon. Joe May, Chancellor.

Suit by the City of Greenwood against E. F. Bryan. From a decree for plaintiff, defendant appeals.

On June 4, 1912, the board of mayor and aldermen of the city of Greenwood passed an ordinance providing for the paving of certain streets and prescribing that the paving should be either bitulithic, creosoted wooden blocks, or vitrified brick, and that the work should be done in accordance with the plans and specifications on file. The ordinance was duly published, and, no protest against the paving having been filed, the board, on August 9th, accepted the bid of a contractor providing that the paving be done with wooden blocks; the city to pay one-third of the total cost and the property owners on each side to pay one-third. The appellant, an abutting property owner, having failed to pave his portion of the street within the thirty days allowed by law, the city proceeded to pave the street in front of his property, and upon his refusal to pay his portion of the cost filed a bill in chancery to enforce a lien against his property for the cost of the improvements. The appellant in his answer attacked the constitutionalty of the law (chapter 260, Laws 1912) under which the ordinance was passed. There was a decree granting the relief prayed, from which comes this appeal.

· The title to the act referred to reads as follows:

"An act to amend chapter 203 of the Laws of 1910, entitled 'An act amending section 3413 of the Code of 1906, providing that protests against sidewalk con-

struction shall be made by the residents of the municipality owning property in front of which the sidewalk to be repaired or constructed is located; and providing for notice of the repair or construction of the sidewalk to be given by publication and posting;' to amend section 3411 of the Code of 1906 in relation to special improvements by municipalities; to amend section 3412 in relation to special assessments to pay for the special improvements; and to amend section 3413 in relation to special improvements for sidewalks."

*Monroe McClurg,* for appellant.

Counsel cite three cases in defense of the assault upon the title. In *Mayor* v. *State,* 102 Miss. 663, Judge COOK, speaking for this court, held that the act "shall" have a title and the legislature could not ignore that constitutional command, but that the legislature was the sole judge as to what the title *"ought"* to contain. In *University* v. *Waugh,* 105 Miss. 623, Judge ROBERT MAYES said: "We need only cite the case of *Mayor, etc.,* v. *State,* holding the sufficiency of the title is a legislative and not a judicial question." And in *State* v. *Phillips,* 67 So. 651, Judge COOK said: "All questions of this kind are foreclosed by the decision in *Mayor* v. *State.*" So, it is settled that "shall have a title" is a judicial question, but what the title "ought" to contain is not. And that is all that there is in those three decisions. In *Sea* v. *Laurel Plumbing Metal Co.,* 71 So. 9, the act had a title, but it did not point out what the purposed amendment was, and the act was declared void. In *Levee Com'srs.* v. *Ins. Co.,* 96 Miss. 382, the act had a title, but that title omitted to mention one section, set out in full as amended, and that section was declared void. Hence, the contention in the instant case that when the title is examined in view of the body of the act, it is condemned by the two cases last above mentioned. The

112 Miss.—46

legal deduction is there is no title unless there is something definite in it.

Counsel rely upon the Edwards House case for their precedent in the form of the draft of the ordinances against which no complaint is here made. In fact the original brief admits the binding force of that opinion so far as it applied to the facts in this one. They rely upon it as answering our contention that no proof of the publication was made because publication was not denied in the answer. The overruled demurrers set up as one ground, and repeated as a special plea, that there was no equity on the face of the bill. In *University* v. *Waugh, supra,* this court said and held: "This bill was demurred to on many grounds, but we see no occasion to go beyond the first. The first grounds of demurrer challenges the fact that there is any equity on the face of the bill. We think this challenge brings into view, at once, the whole of this case." Hence, even though the bill alleged the publication, the city could not stop, in the face of the defenses set up, short of proving its full case justifying the claim to a decree to sell the property to pay for the complete special work. Nor was the defendant called upon in a court of equity to object or except to any proof not legally offered and which was necessary to complainant's success. Nor was this point, or the point that appellant has insisted upon throughout this case, that the time fixed by the statute was unreasonably short, raised or decided in the Edward's House case, so it is the argument of counsel is not sound in urging the self asserted opinion of complainant that the publications had been made and everything else done as required by law, such statement of an indispensable fact by the complainant required proof.

It may be true that under the 1912 Act no notice except by publication was required to be given the property owner, but it was required under the previous

statute which the counsel could not tell, as argued in the original brief, had not been repealed by that act.

The Edward's house case was decided before the passage of the 1912 Act, hence it can have no bearing upon the claim to the utter unreasonableness of that act generally, nor does it decide that the thirty days was reasonable time because in that opinion Judge MAYES expressly forestalls any decision of that precise question. Hence, as we have argued, it is yet an open question now squarely presented the first time. So, it cannot be, that in that case it was intended to be decided that thirty days was sufficient time, or the law constitutional, for the further reason that the point was not decided in the cases cited therein.

The third paragraph on page 8 of counsel's brief discloses the vice in the only plausible defense, though a helpless one, that can be made in this case, namely: that "the legislature had a perfect constitutional right to authorize the municipality to pave the streets without even giving the property owners an opportunity to do the work themselves." Giving the opportunity is a "matter of Grace" say counsel, and not obligatory upon the legislature. That argument is admitted; but is not the case here. The legislature did give the property owner the right in positively unquestionable language, but practically denied the opportunity to do it by unreasonably limiting the time. So, the legislature did not attempt to exercise its known power to absolutely deny the right to the property owner; it would have been contrary to the long, well established public policy of the state to have done so.

Counsel's citations of authority to sustain their position on this point fail them; they seem to be inapplicable to the decisive question. Section 819, Dillon on Corporations, merely holds that in a suit by a vendor against the corporation for paving materials it is no defense to say the council had not passed the paving ordinance before the purchase of the materials, but

would be different if lot owners were required to do the paving, in which case the city would be held to strict compliance with its charter. Sections 1145 and 1146 of that treatise distinguishes between special assessments, and taxes, in that the constitutional requirement that taxation shall be ''equal and uniform does not apply to local assessments upon private property (1145); but the great weight of authority precludes the imposition of a special assessment for street or other local improvement upon such property, unless there is positive legislative authority therefor.'' And, we still persist that such statute must not only be positive and clear, but also reasonable in the view contended for in our original brief. The other sections referred to are as equally inapplicable, in our view, to the contention.

*Lomax & Tyson* for appellee.

Answering the contentions of appellant set out in the first four pages of this brief, to the effect that the title of chapter 260, Laws 1912, is insufficient, we quote herewith authorities which are conclusive on this contention. *Mayor* v. *State,* 102 Miss. 663; *University* v. *Waugh,* 105 Miss. 623; *State* v. *Phillips,* 67 So. 651.

With these citations we leave the grave of the ''Titled Hero'' to counsel for appellant confident that the ''farewell shot'' will not arouse him from his eternal slumber.

In passing the initial resolution, or ordinance of June 4, 1912, announcing the necessity of the paving, as well as announcing three materials from which it might be made and that the property owners would be required to pay two-thirds of the cost thereof, and in passing the resolution or ordinance, of August 9, 1912, the city council of Greenwood pursued the identical method, by the identical means, as those pursued in the Edwards House case (*Edwards House* v. *City of Jackson*), except that the first ordinance in the Edwards

House case made no mention of the kind of material to be used or of what proportion of the cost of the improvement the property owners would be required to pay. So far as the passing and publication of the first two ordinances are concerned, the requirements of section 5, chapter 260, Laws 1912, under which resolutions, or ordinances, in the case at bar, were passed and published were the same as were the requirements of sections 3011 of the Code of 1892, the statute under which the two ordinances in the Edwards House case were passed and published. It follows that, as to these two resolutions, or ordinances, and their publication, the Edwards House case is absolutely controlling and as for that matter—this entire case is covered as by a blanket by the Edwards House case so completely as to make citations of other authorities to sustain any contention we make herein entirely burdensome and superfluous. The initial resolution, or ordinance of June 4, 1912, followed exactly in the footprints of the initial resolution, or ordinance of January 7, 1902, in the Edwards House case would be construed as naming the proportionate part of the improvements the property owners would be required to pay.

And the second resolution, or ordinance, of August 9, 1912, followed exactly in the footprints of the second resolution, or ordinance, of February 4, 1902, in the Edwards House case. Inasmuch, then, as the two resolutions, or ordinances announcing the necessity for the paving, specifying the character of paving and stating the proportionate part of the cost of same to be borne by the property owners, were identical as stated, and followed, in every detail, and even in language, the two resolutions or ordinances passed on in the Edwards House case, and inasmuch as the requirements for the proper passing of said resolutions or ordinances were identical in the two cases, we submit that the contention made by appellant, on pages 5 to 9 inclusive of his brief, to the effect that said resolutions or ordinances did "not

sufficiently describe the material," cannot be main-
tained, since the Edwards House case decided against
this same contention on practically the same facts.
*Edwards* v. *City of Jackson,* 91 Miss. 429.

But counsel says the resolution or ordinance of August
9th was not published. The bill, in the case at bar, as
in the Edwards House case, alleged that this resolu-
tion or ordinance was published as provided by law,
and according to the provisions of chapter 260, Laws
1912; consequently counsel, in making the statement
that it was not published, must have overlooked the
fact that the answer failed to deny that it was pub-
lished, thus leaving this allegation of the bill as con-
fessed and unnecessary to be proven under section 584,
Code 1906, as well as under the general principles of
equity pleading.

There is some conflict in the evidence as to when
notice was given appellant by the street commissioner,
but this is entirely immaterial as it was unnecessary,
under said chapter 260, Laws 1912, to give any notice
at all, other than such as was afforded by the publica-
tion of the resolutions or ordinances; and it was simply
in the exercise of a superabundance of undue and un-
necessary caution on the part of the city authorities
that the street commissioner was directed to give any
notice whatever in the case at bar. The giving of this
notice was not necessary as it was in the Edwards
House case for section 3012, Code 1892, the statute law
regulating the matter at that time specified that notice
should be given by the street commissioner, while this
requirement is not made in chapter 260, Laws 1912,
the statute under which the proceedings in the case at
bar were taken.

Neither was it necessary to publish the plans and
specifications. Just as was required in Edwards House
case the two ordinances of June 4th and August 9th
stated that the plans and specifications were on file and
had been adopted in the clerk's office at the city hall.

The complaint of the appellant here is that the thirty days allowed for him to put down the paving was entirely insufficient and this seems to be his sole complaint, yet under the facts of the case as shown by the undisputed evidence, no work was begun on any of the streets prior to the ·latter part of October or. the first part of November, 1912. Consequently appellant actually had, not only thirty days "after the order of the board had been passed for the special improvements" but he had almost, if not quite, one hundred fifty days from the passage of the ordinance of June 4th and almost, if not quite, ninety days from the passage of the resolution or ordinance of August 9th. Yet not only did he fail to do, or to begin the work but he failed to make any effort to do so.

But it seems that counsel raises no serious contention in this case save by way of attack on the constitutionalty of chapter 260, Laws 1912, for with reference to his other two or three minor contentions, discussed above, he frankly says, on page 18 of his brief: "So far as the facts in this case follow the Edwards House case that case is conclusive of this one and they are almost on all fours in the direct assault here made on the statute."

We differ with counsel in his opinion that the court, in the Edwards House case, did not have squarely presented to it the question of the unconstitutionality of the statute considered in that case. The court did have presented to it with great elaboration in the briefs of opposing counsel, the direct point that section 3012, Code 1892, which allowed only twenty-five days, at the most, to the owner, to make the improvements (instead of thirty days as allowed in the case at bar) was unconstitutional under sections 14 and 17 of our state Constitution and the Fourteenth Amendment to the Federal Constitution. The court expressly held on page 473 it would seem "that section 17 of the state Constitution has no application to the question of special

assessments'' or to section 3012, Code 1892, and says further on page 473, "It would seem from the authorities quoted that all the other constitutional questions. raised by counsel for appellant here have been settled against their contention" and "these sections have repeatedly been before the court and each time they have been upheld as constitutional and we see no reason to change the court's ruling upon this subject.'' Citing various authorities to the same effect, such as *Nugent* v. *Jackson,* 72 Miss. 1040; *Greenville* v. *Harvie,* 79 Miss. 754; *Wilzinski* v. *Greenville,* 85 Miss. 393.

The reasons urged here as grounds why said section 13, chapter 260, Laws 1912, is unconstitutional are that its provisions are violative of—first, the Fourteenth Amendment and the Fifteenth Amendment of the Federal Constitution; second, the seventeenth section of our state Constitution; and third, the twenty-fourth section of our state Constitution.

With the exception of section 24 of the state Constitution these identical grounds, and still other grounds, were urged in the Edwards House case against the Constitutionality of section 3012, Code 1892, and expressly decided by the court to be insufficient. The whole argument against the constitutionality of said chapter 260 in the case at bar, is based entirely and alone upon the fact that thirty days was not a reasonable time to give the owner of the property to pave the street himself; and yet these identical constitutional provisions were held not to have been contravened, in the Edwards House case, by section 3012, Code 1892, a statute prescribing a shorter time by five days at least than the statute attacked here.

It seems that section of the state Constitution is invoked against section 4 of chapter 260 of the Laws, of 1912, the objection being that because said section, by providing that the mayor and board of aldermen shall be the sole judges of the necessity of the improvements, thus prevents any person from ''having a remedy by

due course of law for an injury done him or his lands, etc.'' This contention is unsound since our court, as well as all other courts have held that the proper city authorities have the constitutional right to judge of the necessity of such improvements and to be the judges of the other matters set out in said section 4. 3 Dillon on Municipal Corporations, (5 Ed.), secs. 1151, 242-243, 1365; 28 Cyc. 955; *Wabash* v. *Defiance,* 42 L. Ed. (U. S.) 87; *Nugent* v. *Jackson,* 72 Miss. 1040-1056.

But aside from all the authorities cited above and the arguments adduced therefrom, appellant here has no right to complain that the thirty days' time allowed him for doing the work was inadequate. The legislature had a perfect constitutional right to authorize the. municipality to pave the streets without even giving the property owners an opportunity to do the work themselves. All authorities hold that the legislatures of the various states have the right to delegate to the municipal authorities the right to improve streets and to assess the cost thereof, in whole or in part, against the abutting property owners. The granting of the right to the property owners to put the improvements down themselves is purely a matter of grace and a thing which it is not obligatory on the state legislature, under any constitutional limitation, to do. The legislature having this absolute power to assess cost of improvements against abutting property owners, it necessarily follows that any declaration of the legislature, through statutes enacted by it, giving abutting property owners the privilege of making the improvements themselves cannot be unconstitutional no matter how short the time allowed for doing so may be; and this, for the reason that it was not necessary for the legislature, under any constitutional limitation, to grant any time at all to the property owner or to allow him the privilege of doing the work at all. 4 Dillion, Munc. Corp. ( 5 Ed.), secs. 819, 1145, 1149, 1431, 1436, 1437, 1443; Elliott on Roads & Streets, (1890 Ed.) pp. 369 to 374.

We therefore submit that chapter 260, Laws 1912, is impervious to constitutional attack for the reason set out.

SMITH, C. J., delivered the opinion of the court.

Appellant's objection of the title of chapter 260, Laws of 1912, is ruled against him by *Mayor* v. *State*, 102 Miss. 663, 59 So. 873, Ann. Cas. 1915A, 1213; *University* v. *Waugh*, 105 Miss. 623, 62 So. 827, L. R. A. 1915D, 588; and *State* v. *Phillips*, 109 Miss. 22, 67 So. 651, L. R. A. 1915D, 530. And there is no merit in his contention that the statute violates section 61 of the Constitution, for the legislature, by providing that the statutes therein dealt with should "be amended as follows," manifestly intended that they should "be amended so as to read as follows."

Conceding for the sake of the argument that the first ordinance was incomplete for the reason that it provides "that said paving be done with any one of the following materials, to wit, bitulithic, creosoted wooden blocks or vitrified brick," this defect, if such it was, was remedied by the ordinance adopted on August 9th providing that the paving be done with creosoted wooden blocks. *Edwards House* v. *City of Jackson*, 91 Miss. 429, 45 So. 14. It is true that no evidence of the publication of this second ordinance was introduced, but such evidence was unnecessary for the reason that the bill of complaint alleged its publication and this was not denied by the answer. If the first ordinance was incomplete, appellant had the statutory period after the publication of the second in which to file a protest against the proposed improvement, and, as we understand the evidence, no protest was filed after the publication of either of the ordinances.

Appellant claims that he was deprived of his right to lay the pavement in front of his premises himself for the reason: First, that no notice was given him by the

city so to do; and, second, that the thirty days permitted him by the statute in which to do the work was insufficient for that purpose. The statute does not require such notice, other than that contained in the publication of the ordinance, to be given, the provision relative thereto contained in section 3412 of the Code of 1906 not being brought forward therein, and whether the thirty days allowed property owners in which to make special improvements is a sufficient length of time to enable them so to do is wholly immaterial for the reason that no duty is imposed upon the legislature by the Constitution to permit property owners to do such work themselves, so that such a provision could have been omitted altogether from the statute.

One of appellant's contentions, as we understand the brief of his counsel, is that the reason he failed to protest against the laying of this pavement was that he thought the city intended to pay the entire expense thereof itself and charge no part thereof to the property owners, for the reason that it adopted an ordinance providing for the issuance of bonds for the purpose of obtaining money with which to pay for improvements on several of its streets, among which was the one on which the property here in question is situated. He should not have been so misled, and therefore is entitled to no consideration on that account.

*Affirmed.*