CITY OF McCOMB v. BARRON.[*]

(Division A. May 9, 1927. Suggestion of Error Overruled June 6, 1927.)

[112 So. 875. No. 25891.]

1. PLEADING. *Complainant, by filing amended bill, waived any error in sustaining demurrer to original bill.*

When complainant, after demurrer was sustained to original bill, filed its amended bill, any error that might have been committed by court in sustaining demurrer to original bill was thereby waived.

147 Miss.—30.

2. MUNICIPAL CORPORATIONS. *Bill for recovery of special assessments need not allege counsel's authority to bring suit.*

   In suit by city to recover assessments for special improvements, question of whether city authorized bringing suit was a matter defensive, and it was not necessary that counsel, in filing bill, allege that he was authorized to bring suit.

3. MUNICIPAL CORPORATIONS. *Resolution for sidewalk improvement, containing names of streets in preamble and referring to them as "said streets" in body, held sufficient (Laws 1912, chapter 260).*

   Resolution, under Laws 1912, chapter 260, for sidewalk improvements, setting out names of streets in preamble and referring to them in body of resolution as "said streets," *held* sufficient in that there could be no mistake as to what streets were contained therein.

4. MUNICIPAL CORPORATIONS. *Resolution for sidewalk improvements may embrace more than one street (Laws 1912, chapter 260; Hemingway's Code, section 5945).*

   Resolution, under Laws 1912, chapter 260, for sidewalk improvement may embrace more than one street, in view of Hemingway's Code, section 5945, indicating that more than one street shall be improved at one time.

5. MUNICIPAL. CORPORATIONS. *Resolution for sidewalk improvement held insufficient for failure to describe character of improvement proposed (Laws 1912, chapter 260; Hemingway's Code, section 5945).*

   Resolution for sidewalk improvement, under Laws 1912, chapter 260, *held* insufficient, under Hemingway's Code, section 5945, for failure to describe character of special improvement proposed in that it did not describe width of concrete sidewalks to be constructed or material to be used therein, nor were plans and specifications referred to.

*Corpus Juris-Cyc. References: Municipal Corporations, 28Cyc, p. 999, n. 57, 60, 62; p. 1217, n. 5; Pleading, 31Cyc, p. 745, n. 20; On sufficiency of resolution of intention to make public improvement, see 25 R. C. L. 155; 6 R. C. L. Supp. 1457.

APPEAL from chancery court of Pike county.

HON. R. W. CUTRER, Chancellor.

Suit by the city of McComb against Ernest Barron. From a decree sustaining a demurrer to the bill, complainant appeals. Affirmed, and bill dismissed.

*J. J. Cassidy, W. F. Jackson* and *W. B. Mixon,* for appellant.

The first attempt of the legislature of Mississippi to adopt a uniform method by which municipalities could make special improvement of streets or sidewalks at the cost of the abutting owners, and cause a lien to be declared on the abutting property where the improvement was made was in the adoption of chapter 93, Code of 1892, entitled "Municipalities." But this chapter applied only to municipalities coming under its provisions. This chapter was re-enacted with a few changes in the Code of 1906 as section 3413, Code of 1906, later amended by the Laws of 1910. Still, cities operating under charter and not under the chapter on Municipalities had no right to invoke these enactments, but had to depend upon the powers granted to them by their charters, which prior to the adoption of the Code of 1892, had to be granted by legislative act.

The legislature of 1912 sought, by amending previous enactments in regard to street and sidewalk construction or special improvement of same, to provide a uniform method by which all municipalities, whether acting under the code provision or under charter, might cause these special improvements to be made, assess the cost thereof to the abutting property owners and have a lien upon the property if such assessment should not be paid.

In the making of this improvement by the city of Mc-Comb, as set forth in the bill of complaint, appellant followed the procedure outlined in chapter 260, Laws of 1912, which makes the board of mayor and aldermen of a municipality a special court or tribunal in the matter of controversies concerning these special improvements.

The allegations of this bill show that all acts of the board were done necessary to give it jurisdiction as a court and it is alleged that appellee was notified according to law, and this demurrer admits the allegation.

Under the decisions of this court, how then can he be heard to deny the right of the board to assess his property and have a lien declared thereon for cost of the improvement which he now enjoys? *Edwards House Co. v. City of Jackson,* 45 So. 14; *Dean* v. *Town of Senatobia,* 108 So. 178.

It is our contention that there are only two questions in this case: (1) Was the resolution and its publication, declaring the intention of the board of mayor and selectmen of McComb City, sufficient to give jurisdiction to the city for the making of the improvements on the streets named in the resolution? (2) Was the publication of the notice of the assessment sufficient to give the board jurisdiction of the appellant in the assessment for the improvement of the sidewalks along his property, which had been made at the time of the assessment?

Now, in regard to the first question involved, we have already called the court's attention to the fact that under chapter 260, Laws of 1912, a single individual, residing or not residing upon a street where the improvement of the sidewalks or the paving of the street is contemplated, cannot by his protest stop the improvement in the absence of fraud unless he should constitute a majority of the property holders living on said street.

The law provides that if any property owner whose property has been improved under this procedure shall be dissatisfied with the findings of the board or its failure to cancel or reduce his assessment for such improvement, he may appeal the case to the circuit court of the county in which the property is located. In the case at bar, appellee did not even protest against the making of the improvement, neither did he protest or object to the making of the assessment, which became a final judgment against appellee after the time for an appeal to the circuit court had expired.

If the board of mayor and selectmen of McComb had jurisdiction, and we contend it had, to improve complainant's property by building the sidewalk and by making

the assessment for the cost of such improvement, we contend that this is all that is to be decided in this case. All other questions regarding the manner of improvement, kind of material to be used, proper charges in the assessment, etc., should have been taken advantage of by objections made to the board of mayor and selectmen; and in the event such objections were overruled, then by appeal to the circuit court and also an appeal to the supreme court of the state.

This demurrer is simply a collateral attack upon the judgment of a court having a special authority or jurisdiction conferred upon it by the legislature; and in the absence of fraud, if the service of process conformed to the law, so as to make the assessment a judgment, then appellant cannot attack the judgment or assessment in the defense of a proceeding having for its purpose the collection of such assessment for the improvements made upon appellee's property. *Bryan* v. *Greenwood,* 73 So. 728; *Sparks* v. *Jackson,* 79 So. 67; *Union Savings Bank* v. *City of Jackson,* 84 So. 388; *City of Jackson* v. *Buckley,* 85 So. 122.

*Reporter's Note*: The brief of *J. W. Cassedy, Jr.,* and *E. G. Williams,* for appellee, is missing from the record.

*J. J. Cassidy, W. F. Jackson* and *W. B. Mixon,* in reply, for appellant.

The ordinance provides that the improvement shall consist of hard-surfaced, concrete sidewalks. Section 5 of said chapter 260, Laws of 1912, requires that the resolution shall describe the character of special improvements. Appellees in their brief contend that the description just given is insufficient and they cite *City of Jackson* v. *Williams,* 46 So. 551, in support of this view. This case was decided under the Code of 1892, section 3011, thereof governing, which provides that the board shall "declare such work or improvement, describing it,

necessary.'' There is a manifest difference between this provision of the Code of 1892 and the Act of 1912. Under the Code of 1892 the resolution was required to describe the improvement. Under the Act of 1912 the resolution is only required to describe the character of the improvement; and we respectfully submit that the provisions of the resolution in the instant case, reciting that the improvement shall consist of hard-surfaced, concrete sidewalks constructed to permanent lines and grades, is a substantial and entirely sufficient compliance with the requirement of the Act of 1912 and that the decision cited does not militate against this view.

If the description of the character of the improvement desired had been insufficient, the defendant could, by following up the notice in this resolution, have discovered to the minutest detail every plan and every purpose which the mayor and board of selectmen had in view with reference to this pavement; and this makes this description doubly sufficient. *Edwards House* v. *City of Jackson,* 45 So. at 16.

Argued orally by *W. F. Jackson* and *W. B. Mixon,* for appellant, and *J. W. Cassedy, Jr.,* for appellee.

McGowen, J., delivered the opinion of the court.

The appellant, the city of McComb, filed its bill in the chancery court of Pike county, seeking to recover one hundred sixty-four dollars and thirty-two cents, alleged to be due it by virtue of an assessment of that amount against a lot owned by the appellee, Barron, for the construction of a special improvement, to-wit, a sidewalk. The original bill was based on a statement of the amount of the assessment without setting out the resolution of the board of supervisors levying the assessment against the property owners of the city. To this bill a demurrer was filed, which was by the court sustained, and we apprehend for the reason that none of the resolutions of the

city council were attached as exhibits to the bill. Thereupon the city did not rely upon its original bill, but filed an amended bill in which it set out what occurred, particularly the proceedings of the board, and attached as exhibits the proceedings of the board from the initial order to the final one levying the assessment upon the property owners and notices published pursuant thereto.

The appellee, or defendant in the court below, again filed a lengthy demurrer, setting up thirty-two grounds for demurrer, which we shall not, in this opinion, undertake to copy nor pass upon all the questions raised by same. The court below sustained the demurrer, and the appellant, the city of McComb, prosecutes an appeal therefrom.

Both counsel for appellant and appellee, in their briefs, undertook to argue whether or not the court was correct in sustaining the demurrer to the original bill. It is sufficient to say that when the complainant, or appellant, filed its amended bill, any error that might have been committed by the court in sustaining the demurrer to its original bill is thereby waived.

The demurrer raises the question, first, that the amended bill does not charge that the city council of McComb city, Miss., authorized the bringing of this suit. We think this a matter defensive. If, in truth and in fact, the city of McComb had not authorized the suit in question through its proper authorities, this fact could be set up in the answer or by special plea. We do not think it is necessary for counsel, in filing a bill for a municipality to collect assessments for special improvements, to allege in the bill that he is authorized to bring the suit. Second, this was a proceeding to construct concrete sidewalks on forty-four streets in the city of McComb and to assess the cost thereof to the abutting property owners, the proceedings being taken under chapter 260, Laws of 1912, as amended. In the resolution and in the notice the names of the forty-four streets are set out in the preamble, but not recopied in the body of the resolution.

There they are referred to as "said streets." It is true that the body of a resolution should contain the names of the streets, but we think that where the name of each street is set out in the preamble, and in the body of the resolution they are referred to as "said streets," there could be no mistake as to what streets were contained in the resolution. Third, it is contended in the demurrer that these forty-four streets, or parts of streets, should have been embraced in separate resolutions or ordinances on the idea that the resident property owners of each street are given the power to veto, by remonstrance or petition, the purpose of the governing body of the municipality to construct the improvements. In our opinion, no harm could possibly ensue to the property owners from the inclusion of the forty-four streets, or parts of streets, in one resolution. Section 5945, from the general tenor thereof, and other sections of the act, indicates that more than one street shall be improved at one time. Fourth, the only serious and fatal ground of demurrer, as we see it, is that in the passage of the first resolution, under section 5945, the board wholly failed to describe the character of the special improvement proposed.

Said section is as follows:

"When the mayor and the board of aldermen of any municipality shall deem necessary any special improvement on any street of the municipality, and in the judgment of the mayor and the board of aldermen the general improvement fund should not be used for the purpose of making the special improvement, a special tax to make the special improvement may be levied as herein indicated. In such case the board shall, by resolution, declare the improvement necessary. The resolution shall describe the character of special improvement proposed; shall fix the street or part of street on which it is proposed to have it made; shall state whether the proposed special improvement is to be made on the street or sidewalk, and shall designate between what points the street

or streets shall be improved, whether the whole length of the street or only a part of it.''

It will be noted that the resolution provided for in this section requires that the city council shall (1) declare the improvement necessary; (2) describe the character of the special improvement proposed; (3) shall fix the street or part of the street on which it is proposed to have it made; and (4) shall state whether the proposed special improvement is to be on the street or the sidewalk, etc. The resolutions attached as exhibits to the original bill do not describe the character of special improvement except to use the words ''concrete sidewalk.'' The width of the sidewalk, the material of which it is to be constructed, and the plans and specifications are not referred to; and the record shows most conclusively that no plans and specifications were adopted by the city council until after the publication of this notice, and no opportunity was ever afforded by this resolution, or the notice published thereunder, to the property owners to construct the sidewalks according to plans and specifications, the resolution containing no reference to any plans or specifications. This resolution should have contained the description; that is, the plans and specifications, or should have referred the property owners to them in such a way as to enable them to be found by the taxpayers, who would then have an opportunity to construct their own sidewalk or protest against the construction of same. This right was not accorded the property owners. This is a substantial noncompliance with the requirements of the statute, and in this view we are sustained by the case of *City of Jackson* v. *Williams*, 92 Miss. 301, 46 So. 551, wherein Mr. Justice Mayes said:

''Counsel for appellants contend that this ordinance was not void because of the failure to describe the kind and width of the sidewalk, because, they say, under the general ordinances of the city such specifications could be found; but no reference is made in the ordinance to the general ordinance. We do not think this contention

sound. In the ordinance declaring the improvement necessary must be found the description of the work, or there must be embraced in it a reference to such plans and specifications on file with the city as would give the information, or it must be placed in some subsequent ordinance. This was what was done in *Edwards House Co. v. City of Jackson,* 91 Miss. 429, 45 So. 14. The ordinance declaring the work or improvement necessary must have in it such facts as will fully enable the property owner to find out what work is required to be done. The minute details of the work need not be set out in the ordinance, provided the ordinance incorporate the plans and specifications by which the work is to be constructed by reference; such plans and specifications being then on file. This is what was held in the Edwards House case. When a municipality is proceeding under Annotated Code 1892, sections 3011, 3012, it is not proceeding under its general powers or ordinances, but is proceeding under the special powers conferred on it under special circumstances, and it must pursue with strictness all the conditions precedent to its right to exercise the particular power. A compliance with these conditions constitutes its power to act, and is jurisdictional in its nature. Mere irregularities and informalities will not invalidate the proceeding; but when there has been a substantial noncompliance with the statute it is fatal to the proceedings, and the failure to duly inform the property owner, in an ordinance duly published, of the kind and character of the walk intended to be laid, thereby failing to give him such information as would enable him to intelligently determine whether he desired to protest against the intended improvement, is a fatal departure. It is manifest from the statute that the legislature intended to give the property owner every opportunity to act intelligently and with full knowledge.''

We do not think there is any substantial difference between the language of the statute here under review and the statute reviewed by Mr. Justice MAYES in the above-

cited case. We might add that the resolution was published literally as passed by the board; and neither in the publication, nor in this resolution, nor any other, was reference made to the plans and specifications, so that the property owner interested might be intelligently informed as to the description of the proposed work. The demurrer was properly sustained in this particular, and, in our opinion, the bill cannot be maintained nor now be amended so as to obviate this objection.

*Affirmed, and bill dismissed.*