BARRON *et al.* v. CITY OF McCOMB.

(Division A. May 16, 1932. Suggestion of Error overruled June 13, 1932.)

[141 So. 765. No. 29859.]

338

J. W. Cassedy, Jr., of Brookhaven, for appellants.

Price, Cassidy & McLain, of McComb, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellants exhibited an original bill against the appellee, praying that it be enjoined from assessing property owned by the appellants abutting on certain of the appellee's streets, for the payment of the expense incurred by the appellee in constructing sidewalks, curbs, and gutters along the streets. A demurrer to the bill was sustained.

The bill alleges, in substance, that in 1924 the appellee adopted ordinances under chapter 260 of the Laws of 1912 for the construction of the sidewalks, curbs, and gutters, but failed in so doing to comply with certain requirements of the statute. The particular provisions of the statute alleged to have not been complied with were those requiring the ordinances to set forth the character of the special improvements contemplated, to refer to plans and specifications adopted therefor, and that publication thereof be made in order that the owners of the property affected thereby may protest against the making of the special improvement, and, if they so desire, to construct the same themselves.

Chapter 59, sections 1, 2, Laws 1930, provides: ''That any municipality in this state, operating under special charter and having the power under its charter and/or its amendments and/or the laws of this state to construct or cause to be made sidewalks, curbs, or gutters, which has levied or assessed or charged the cost thereof against the property abutting thereon and to the owners thereof, and has paid such cost and has not been paid therefor in full, and, in the judgment of the board of mayor and selectmen or other governing authority of said municipality, errors or irregularities have occurred in the assessing and/or computing of such cost, such municipality is hereby authorized and empowered to ascertain the cost thereof and to add thereto accrued and unpaid interest, and to fix and declare the same by resolution, and to correct errors or irregularities in said former assessment or assessments accordingly, but in no event shall the principal amount thereof, exclusive of interest, be increased. When such errors or irregularities have been corrected, the assessment or assessments so made, and all steps and proceedings leading up thereto or precedent thereto are hereby confirmed and validated for all purposes and against all persons, and said assessment or assessments shall be in lieu of the assessment or assess-

ments in which said errors or irregularities have been made or occurred; and such further proceedings may be had thereon to provide for and fix a lien on said property to secure the payment of said assessment or assessments, and for enforcing the collection thereof, and otherwise, in the same manner as is now provided by Chapter 194 of Laws of Mississippi 1924, and other laws, when valid assessments have been made that are not erroneous or irregular. . . . That all orders, resolutions, ordinances, and proceedings relative to sidewalk, curb, or gutter improvements heretofore passed and adopted by any such municipality or its governing authority, be and the same are hereby in all things made valid and binding, regardless of defects or omissions or informalities or the failure to comply with any law or part of law relative thereto.''

Under this statute the appellee was proceeding to assess the property abutting on the streets along which the sidewalks, curbs, and gutters were constructed, under the ordinances hereinbefore referred to, for the expense incurred by it in constructing the sidewalks, curbs, and gutters.

It is admitted by the appellee, and this court so held in City of McComb v. Barron, 147 Miss. 465, 112 So. 875, that the appellee was without power under chapter 260, Laws 1912, to assess the cost of the sidewalks, curbs, and gutters to the property abutting thereon, and the appellee relies solely on chapter 59, Laws of 1930, the constitutional validity of which is challenged by the appellants. The Legislature has full power to validate an unauthorized act of a municipality which it had the power, under the Constitution, to authorize in advance. What the appellee here did was to construct the sidewalks, curbs, and gutters, the cost of which it now seeks to apportion to the property abutting thereon without giving the owners of the property an opportunity to protest against the constructing of the sidewalks, curbs, and

gutters, or of constructing them themselves. The Constitution nowhere requires property owners to be given either of these rights, so that the Legislature had full power to authorize the construction of the sidewalks, curbs, and gutters without reference thereto. Bryan v. City of Greenwood, 112 Miss. 718, 73 So. 728. The defects in the ordinances under which the sidewalks, curbs, and gutters were constructed has therefore been cured.

Affirmed.