185 So.2d 659 (1966)
Barney M. GILES
v.
FRIENDLY FINANCE COMPANY OF BILOXI, Inc., et al.
No. 43775.
Supreme Court of Mississippi.
April 25, 1966.
*660 Albert Sidney Johnston, Jr., Biloxi, for appellant.
Forrest B. Jackson, Jackson, Louis Hengen, Biloxi, for appellees.
JONES, Justice.
Appellant obtained an injunction from the Chancery Court of Harrison County enjoining the foreclosure of a certain deed of trust on real property. The defendants were Louis Hengen, Trustee, Acceptance Corporation of Mississippi and Friendly Finance Company of Biloxi, Inc.
Both corporate defendants were qualified and licensed under what is known as the Small Loan Regulatory Act, appearing as Mississippi Code Annotated section 5591-01 through section 5591-54 (Supp. 1964). Friendly Finance was qualified and licensed as a broker and Acceptance Corporation was qualified as a lender, under section 5591-03.
It was charged that the note secured by said deed of trust had been paid; that *661 usurious interest and illegal charges had been included in said note; and, that complainant had sustained damages in the sum of $100,000 for which he sued, in addition to illegal and usurious sums alleged to have been paid by him.
The answer denied the charges of usury, illegality and damages.
The Friendly Finance Company of Biloxi, Inc. had negotiated the loan from Acceptance Corporation of Mississippi and had endorsed the paper to Acceptance Corporation. When default was made, it honored its endorsement and the papers were assigned to it.
Motion to dissolve the injunction was filed and set for March 18, 1965, at which time the case was tried on its merits and all pleadings so that said hearing constituted a final hearing.
The chancellor dissolved the temporary injunction, dismissed the bill, and awarded $238 damages, from which decree the case is appealed here.
On this appeal, the appellant in his brief assigns:
POINTS TO BE ARGUED
1. The `Small Loan Regulatory Act' of 1958 is unconstitutional as written.
2. The `Small Loan Regulatory Act' of 1958 is unconstitutional as construed and applied in the instant case.
3. The number of months for which a loan is extended is the `term' or `time' of the loan, and determines the period for which the borrower has the use of the whole of the money loaned, and imposes duty on lender to charge interest for such `term' or `time' `or period' and no more.
As to No. 3, Mississippi Code Annotated section 5591-09(b) (Supp. 1964), provides:
"* * * On loans of one hundred dollars ($100.00) or more the service charges and the legal rate of interest, when combined, shall not exceed an amount equal to two per cent (2%) of the amount of cash received by the borrower multiplied by the number of months for which the loan is extended; * * *."
It is argued, however, that it is necessary in order to find "the number of months for which the loan is extended," to add one to the number of monthly installments and divide by two; that, when a loan requires twenty-two monthly installments, you would add one to make it twenty-three, divide by two, and the resulting eleven and one-half months would be the number of months for which the loan was extended. In other words, figure the average time of payment and take that as the "number of months for which the loan is extended." With this, we cannot agree. We consider the statute clear.
There were other questions argued, including the question of novation, but those involved factual issues which were decided against appellant by the chancellor on sufficient evidence, and we cannot say he was manifestly wrong.
It is said that the Act (Mississippi Code Annotated section 5591-01 through section 5591-54 (Supp. 1964) (is unconstitutional because it violates Mississippi Constitution Article 4 section 90(d), which reads as follows:
"* * * The legislature shall not pass local, private, or special laws in any of the following enumerated cases, but such matters shall be provided for only by general laws, viz.:
* * * * * *
(d) Regulating the rate of interest on money; * * *."
First, appellant says the title "Small Loan Regulatory Act" requires it to fix a limit upon loans that may be made thereunder and without such a limitation there can be no valid classification so as to take *662 these loans from the general provisions of our Code regulating interest. He claims that it is a law applicable to those making limited loans, and that, while the legislature has the right to make reasonable classifications, the omission of a limit to the amount which may be loaned removes it from an act of reasonable classification.
The sufficiency of the title of an act is solely for the legislature, and may not be questioned by the courts. Everett v. Williamson, 163 Miss. 848, 143 So. 690 (1932); Bryan v. City of Greenwood, 112 Miss. 718, 73 So. 728 (1917); and, Rosenstock v. Board of Supervisors, 112 Miss. 124, 72 So. 876 (1916).
Where there is ambiguity in the body of the act, the title may be resorted to in order to ascertain the intent of the legislature. Lewis v. Simpson, 176 Miss. 123, 167 So. 780 (1936); Gully v. Jackson International Co., 165 Miss. 103, 145 So. 905 (1933).
Where the body of the statute is free from ambiguity, the meaning expressed therein must be given effect without resort to the title. The title cannot add to or extend the operation of the act. Board of Trustees of Kingston Consolidated School District v. Forman, 233 Miss. 42, 101 So.2d 102 (1958); and, Russell v. State, 231 Miss. 176, 94 So.2d 916 (1957).
The title may not be used to create an ambiguity in the act. State v. Regan, 126 P.2d 818 (Mont. 1942); 82 C.J.S. Statutes § 350, at p. 734 (1953).
The Supreme Court of the United States, in Brotherhood of Railroad Trainmen v. Baltimore & Ohio R.R. Co., 331 U.S. 519, 528-29, 67 S.Ct. 1387, 1392, 91 L.Ed. 1646, 1652 (1946), stated the rule in these words:
* * * But headings and titles are not meant to take the place of the detailed provisions of the text. Nor are they necessarily designed to be a reference guide or a synopsis. Where the text is complicated and prolific, headings and titles can do no more than indicate the provisions in a most general manner; to attempt to refer to each specific provision would often be ungainly as well as useless. As a result, matters in the text which deviate from those falling within the general pattern are frequently unreflected in the headings and titles. Factors of this type have led to the wise rule that the title of a statute and the heading of a section cannot limit the plain meaning of the text. United States v. Fisher, 2 Cranch 358, 386, 2 L.Ed. 304 [313]; Cornell v. Coyne, 192 U.S. 418, 430, 24 S.Ct. 383, 385, 386, 48 L.Ed. 504 [509]; Strathearn S.S. Co. v. Dillon, 252 U.S. 348, 354, 40 S.Ct. 350, 351, 64 L.Ed. 607 [611]. For interpretative purposes, they are of use only when they shed light on some ambiguous word or phrase. They are but tools available for the resolution of a doubt. But they cannot undo or limit that which the text makes plain. * * *
The body of this act contains no ambiguity and the title is ineffectual to restrict the meaning thereof.
The act itself, after the title, is clear and attempts no special classifications but applies generally to those qualifying thereunder and making loans.
To understand the reason for the passage of this act, the intent thereof, and its meaning, it may be well to review our laws relative to similar loans as they were prior to, at the time of, and since the passage of the Small Loan Regulatory Act (Mississippi Code Annotated sections 5591-01 through 5591-54 (Supp. 1964)).
Since 1916, we had had the following statute (Mississippi Code Annotated section 5590 (1952)):
"Any persons, natural or artificial, including domestic and foreign corporations, lending money in this state to be paid back in monthly instalments, may charge interest thereon at the rate of *663 five per cent. per annum or less, for the entire period of the loan, and aggregate the principal and interest for the entire period of the loan, and divide the same into monthly instalments, and may take security therefor by mortgage, deed of trust, or title, with waiver of exemption, upon and to real estate or personal property, or both."
At the 1958 session of our legislature, when said Chapter 170 was adopted, the above section was amended so as to change the rate of interest therein specified to six percent and said statute as amended is yet in existence.
Prior to 1958, loan brokers were operating in Mississippi, charging commissions for securing loans and were uncontrolled. Our Court recognized the right of one to employ a broker to secure a loan for him and the right of the broker to compensation. Tower Underwriters, Inc. v. Lott, 210 Miss. 389, 49 So.2d 704 (1951).
The right of a broker to charge a fee for his service in procuring and guaranteeing a loan has long been recognized in this state. Early v. Williams, 239 Miss. 320, 123 So.2d 446 (1960).
It was because of this situation that the legislature adopted Chapter 170, Mississippi Laws of 1958, so that some control might be exercised. It must be remembered that section 5590, as amended at the same session, was not repealed, and neither was the right of a broker to receive a commission outlawed.
The act did provide for licenses to be issued to those engaged in the business (section 5591-03); for records to be kept (section 5591-06); for examination of the records (sections 5591-07 and 5591-08). The act also provided a penalty for unlawful service charges and interest (section 5591-10), and provided for recording, attorney's fees, insurance premiums (section 5591-11), restricted the number of loans to the same person within ninety days (section 5591-12), and prohibited one from acting as both lender and broker (section 5591-13). The act required statements, receipts, etc. to be given to borrower (section 5591-14), and that the bank comptroller prescribe rules and regulations for the administration of the act, and placed those operators under the bank comptroller's supervision.
Section 5591-09 provided the interest rates and service charges that might be made and, contrary to appellant's idea, authorized security therefor by deed of trust on realty.
The chancellor found that the loans here involved did not violate any of the provisions of the act, and he was supported by the evidence.
Appellant contends that the act was a special act for the benefit of only a few of our people, without a proper classification, and was therefore violative of the constitutional provision heretofore quoted. However, the act is not limited to any special person or group. It is available to all who can qualify and secure license to operate thereunder. So, we hold it is not a special but a general act, not violative of our Constitution.
There are exempt from its operation, those whose business is that of making particular types of loans, under other laws of the State. Miss. Code Ann. § 5591-18 (Supp. 1964).
Furthermore, it would avail appellant nothing to hold the act invalid only as to him because, if we did so, the deeds of trust here involved would be valid under section 5590 of our Code, as amended, and under the cases acknowledging the right of a broker to a fee.
Affirmed.
GILLESPIE, P.J., and BRADY, INZER and SMITH, JJ., concur.