GILLESPIE, Presiding Justice.
Barney M. Giles filed a bill of complaint against Louis Hengen, Trustee, and Friendly Finance Company in which he averred that a note payable to Friendly Finance Company, secured by a deed of trust in which Hengen was trustee, was barred by the statute of limitations and that the *627 note was paid; that a foreclosure sale scheduled for the day after the bill was filed should be enjoined and the note and deed of trust cancelled. A temporary injunction was issued. Defendants filed a motion to dissolve the injunction for the reason that the issues involved had been decided in another suit in the same chancery court, which case was appealed to this Court where the decree was affirmed, and thereafter an appeal to the United States Supreme Court was dismissed. Defendants also filed a suggestion of damages and an answer and an amended motion to dissolve the injunction. An amended bill of complaint was filed by Giles.
On the hearing of the motion to dissolve neither party offered any proof and the court entered a decree on the pleadings and the arguments of attorneys. The injunction was dissolved and the court allowed Giles, the complainant, an interlocutory appeal. The bill of complaint was not dismissed.
The main argument advanced by appellant is that the court erred in dissolving the temporary injunction and should have continued the injunction in force until final hearing. This argument is based on the assertion that the answer of appellees to appellant’s amended bill of complaint was not fully responsive. The amended bill of complaint set up various defenses concerning the validity of the note and deed of trust and the constitutionality of the small loan act.
On motion to dissolve an injunction the chancellor has wide latitude in deciding whether a temporary injunction should be retained or dissolved. Griffith, Mississippi Chancery Practice, section 456 (1950), is in part as follows:
§ 456. Many considerations influential on motions to dissolve. — When however there has been no agreement to have the hearing treated as a final one, many considerations are influential with a chancellor in determining his action as to dissolving an injunction or retaining it, until full proof or final hearing. As to whether the complainant will suffer more from the dissolution of the injunction than the defendant from its retention, as to whether the bill shows a probable right and a probable danger to that right unless the injunction be retained; and there are many other considerations addressing themselves to the sound judicial discretion of the court. Very wide latitude, necessarily, must be allowed the trial court. The effectuation of right, the vindication of justice, is the object here as everywhere in judicial proceedings; and when fraud is charged the reasons for retaining the injunction are greatly strengthened.
There was no showing whatever that the statute of limitations barred the note and deed of trust and no proof was offered by appellant that the note had been paid. These were affirmative matters as to which the complainant below, appellant here, had the burden of proof on the motion to dissolve. Id., section 453. As to the averments of the amended bill of complainant, the answer to which was inadequate because it was not fully responsive to the averments of the amended bill, the court was justified in dissolving the injunction because the pleading brought to its attention that the same issues raised by the amended bill of complaint had been litigated in the same court, after which the decree adverse to appellant had been appealed to this Court and affirmed, and the United States Supreme Court had denied certiorari. See Giles v. Friendly Finance Company, 185 So.2d 659 (Miss.1966). It is difficult for this court to understand how appellant could expect to continue this litigation which has already run the full gamut of all the courts. Whether the pleadings were inadequate to precisely raise the issue of res judicata or not, the chancellor could take notice of his own docket.
In awarding damages the chancellor allowed five per cent of the debt *628 plus an attorney’s fee of $200.00. Damages are allowable under Mississippi Code 1942 Annotated section 1352 (1956) in an amount of five per cent because the injunction stayed the sale under a deed of trust. But it was error to allow the five per cent plus the attorney’s fee because “no other damages than the statutory damages will be allowed when delay and costs have been the only injury.” Griffith, supra § 461. The rule in this respect is fully set out in Williams v. Bank of Commerce, 71 Miss. 858, 16 So. 238 (1894) as follows:
The statute was intended to provide for and limit the damages allowable in the cases to which it applied. Ordinarily, the injury sustained by the party interrupted in the collection of his debt consists of the delay occasioned by and the costs incident to, the defense of his cause. For such cases and for such injury the law has provided a fixed rule by which the damages may be ascertained, to wit, by giving a per centum certain of the collection which would have been made but for the issuance of the injunction. There may be cases, exceptional in their circumstances, in which, by reason of change in the condition of the property, or the expense incident to its care and preservation during the pendency of the injunction, other and different damages should be allowed. But when one claims and receives the damages allowed by the statute, he cannot receive, in addition thereto, other damages, to be ascertained by reference to other considerations. Those provided by the code are exclusive when allowed. We do not decide that one having a right to damages may, by his own choice, determine whether he will accept the damages fixed by the statute, or will elect to have ascertained the real injury he has suffered. The statute, as we have said, was intended to provide fixed damages for those cases in which delay only is the injury sustained, and in such cases the defendant is confined to the damages it provided. Exceptional cases may arise, to which the statute may not apply, and in these the actual damages sustained would be allowed, but in such instances the per centum given by the code would not be added to the sum awarded as actual damages. 71 Miss. at 871, 16 So. at 241.
The decree dissolving the temporary injunction is affirmed, but that part of the decree allowing an attorney’s fee in addition to the statutory damages of five per cent is reversed. The case is remanded for further proceeding. Costs are taxed two thirds against the appellant and one third against appellee.
Affirmed in part and reversed in part and remanded.
RODGERS, PATTERSON, INZER and ROBERTSON, JJ., concur.