FEEMSTER *v.* CITY OF TUPELO.

[83 South. 804, In Banc. No. 21154.]

1. MUNICIPAL CORPORATIONS. *Statute authorizing city to issue bonds for hospital not unconstitutional.*

Laws 1914, chapter 147 (Hemingway's Code, sections 5968-5974), conferring on municipalities operating under Code charter power to issue bonds for various purposes, including hospitals, section 2 providing the amount of bonds shall not exceed seven per cent of the assessed value of the taxable property, unless a two-thirds majority of the qualified electors assent, and then ·shall not exceed ten per cent of the assessed value, is a legislative regula-tion of the exercise of corporate power, which limitation may be raised or lowered by the legislature without destroying the charter power conferred in other sections, so that Laws 1918, chapter 290, authorizing a city to issue bonds for the construction and equipment of a hospital on a majority vote, is not violative of Constitution 1890, section 80, calling for provision by general law to prevent the abuse by cities of the power to tax, borrow money, and contract debts, or section 89, providing that the·legi-slature shall pass general laws under which cities may be chartered   etc.

2. STATUTES. *"Corporations" as used in statute defined.*

Ordinarily the term "corporation" as used in a statute means a private corporation.

3. STATUTE. *Act authorizing city bond issue to· construct hospital not special or local.*

Laws 1918, chapter 290, authorizing the city of Tupelo to issue bonds for not more than $50,000 for the construction and equip· ment of a hospital is not violative of Constitution 1890, section

87, prohibiting any special or local law for the benefit of individuals or corporations is cases providable for by general law, particularly in view of section 89; the prohibition against special or local legislation applying, not to municipal, but to private corporations defined by the Constitution 1890, section 189.

APPEAL from the chancery court of Lee county.

HON. A. J. McINTYRE, Chancellor.

Suits by Dr. L. C. Feemste against the city Tupelo. From a decree dismissing the bill, complainant appeals.

The facts are fully stated in the opinion of the court.

*Mitchell & Bolton,* for appellant.

We contend that the act above referred to violates the provision of sections 80, 87 and 88 of the constitution. We believe that section 80 of the Constitution is violated, because the act in question seeks by local law to regulate the taxing power of a municipality. This can only be done by general law.

Our court, in the case of *Turner* v. *Hattiesburg,* held that act of the legislature establishing the Normal College did not violate the provision of section 80 of the constitution, but that the act was not a local law, as it applied to any city in the state which would come under its provisions. This is the only case we have found in point, and we believe this to be an open question and one which our court has never passed upon directly.

If the act in question should be held to attempt to amend the charter of the city of Tupelo, then it would be clear that it violates section 88 of the constitution. If it should be held that the city of Tupelo is a corporation within the meaning of the terms of section 87 of the constitution, then the law in question would be held to this provision of the constitution also.

The bill in this cause raises all the serious questions as to the validity of the special law under which bonds

are issued in this matter and for the purpose of testing the validity of this law and to obtain the decision of this court as to same, we respectfully submit the matter to the court, and ask that the cause be reversed and remanded with leave to defendant to answer.

*Mitchell & Clayton,* for appellee.

In this case there are three sections of the constitution of the state of Mississippi, which are involved, viz: section 80, section 87, and section 88. We will take them up in this order.

(1) Section 80, has nothing to do with this case for the simple reason that it is not self executing, and requires legislation to put it into effect. This was decided by the supreme court in the *State Normal College case* in 98th Mississippi, page 337. In that case, the court decided, straight out, that section 80 had not been put into effect by any legislation and held that a special act which allowed the city of Hattiesburg to issue certain bonds, was valid.  The court used this argument in that case:

It is argued that, instead of limiting the power of municipalities the legislature has opened wide the doors to extravagance, not only authorizing municipalities to issue bonds without limit, but that it is encouraging extravagance, by providing, in effect, that the location of the school shall be determined by public auction, the municipality obtaining same, which bids the highest amount therefor.  This may all be true but this court has determined to remedy the matter.

Section 80 is not self executing. It requires legislation to put it into effect. It is for the legislature to say what constitutes such power of the municipality, and to provide checks thereon. These checks are to be provided by general laws, covering all cases and not a necessity in which every law giving such powers to the municipalities.

So in this case and in this very act the legislature has provided a check in that it limits the amount which the city of Tupelo may issue for the purpose of establishing a hospital, and also it requires that a majority of the qualified electors shall vote in favor of the issuance of these bonds. We do not see how any better check can be provided than this.

The next objection is that this violates section 87 of the constitution, which is as follows: ''No special or local law shall be enacted for the benefit of individuals or corporation, in cases which are, or can be provided for by general law, or where the relief sought can be given by any court of this state; nor shall the operation of any general law be suspended by the legislature for the benefit of any individual or private corporation or association, and in all cases where a general law can be made applicable, and would be advantageous, no special law can be enacted.''

This does not apply for the reason that it is very clear that this section simply applies to individuals or private corporations, and has no reference whatever to a municipal corporation and as an evidence of the fact that this section simply applies to private corporations, the court will see by examination of the case, of the *Yazoo Railroad Company* v. *Southern Railway Company,*

Section 88 does not apply, because this is not an attempt to amend the charter of the city of Tupelo, or to effect the charter in any way. The city of Tupelo is not operating under a special charter anyway, but is operating under the Code chapter on municipalities. We submit to the court that this whole matter is settled by section 98 of the Constitution. This section provides in substance, as the court will see by inspection thereof, that there shall be appointed in each house of the legislature, a committee on local and private legislation. Every local or private bill must be referred to these

committees and be referred back by them with a recommendation in writing, etc., and when a local or private bill has been passed by the legislature under the provisions of this section and in accordance with its requirements, then the courts shall not, because of its local, special or private nature, refuse to enforce it. The only restriction upon the power of the legislature to pass local and special bills under this section is that they shall not pass those which are set out in the following section which is section 90, and to which we refer the court.

The court will see by inspection of section 90 that a local or private legislation, which was passed by this law, which allowed the city of Tupelo to issue bonds for a hospital, is not prohibited by such section.

It occurs to us, anyway, that, in view of the fact that, for many years, it has been the custom of the legislature to pass these local and private bills in accordance with the provisions of section 89, and those not in conflict with section 90 goes to show that the legislature certainly had authority to pass such legislation as this. As an illustration of this, we refer the court to the case of *Sick* v. *City of Bay St. Louis,* 113 Miss. 175, in which the court construed chapter 287 of the Laws of 1916, which authorized the city of Bay St. Louis to issue bonds for certain, special purposes, and that case shows that every conceivable point seems to have been raised and certainly if there had been any doubt of the constitutionality of this act, the point would have been raised and have been decided.

We therefore submit that this act, in which these bonds were issued, is constitutional, and the plea of the complainant in this case is without merit.

ETHRIDGE, J., delivered the opinion of the court.

At the 1918 session of the legislature chapter 290 of the Laws of 1918 was enacted, authorizing the city of Tupelo to issue bonds in the sum not exceeding fifty thousand dollars, exclusive of all bonds heretofore issued and authorized by law for the purpose of raising funds for the construction and equipment of a hospital to be located in the said city, and provided that the bonds should not be issued and the hospital established unless a majority of the qualified electors should vote therefor, and provided for the expenditure of the funds under the direction of the board of mayor and aldermen and empowered the board to receive, purchase, own, and hold real and personal property for the said hospital, and to accept, own, and hold bequests, devises, and donations made to it by individuals, counties, or municipalities, and to use such bequests and donations, etc., as might be best for the said hospital, and to have such powers and perform such things as might be necessary to accomplish the purpose of such hospital. The board of mayor and aldermen was authorized to appoint a board of five trustees to manage such hospital, etc. The board gave notice of its intention to issue fifteen thousand dollars of such bonds to construct such hospital; the resolution of the board reading in part as follows:

"Be it resolved that it is the purpose of the mayor and board of aldermen of the city of Tupelo, Miss., to issue the bonds of the said city of Tupelo in the sum of fifteen thousand dollars or so much thereof as may be necessary for constructing and equipping a hospital located in such city. The above notice is published in accordance with the provisions of section 3415, 3416 3419, and 3420, and such other sections of the Annotated Code of 1906 of the state of Mississippi and such amendments thereto as may have been made and are

applicable thereto, including the said chapter 290 of the Laws of 1918 aforesaid, for the purpose of notifying the taxpayers of the city of Tupelo, Miss., of the proposed action of the mayor and board of aldermen of the said city, so, if there be any opposition to the issuance of such bonds, it may be presented to the mayor and board of aldermen of such city by counter petition as provided by law on or before the first Tuesday in May, the same being the 6th day of May, 1919,'' etc.

This notice was published in a paper in the said municipality, but no protest was filed. On the 7th of May, 1919, the board of mayor and aldermen recited that no protest or counter petition had been filed, but, as chapter 290, and also chapter 209, of the Laws of 1918 requires an election regardless of whether any counter petition had been filed, ordered an election to be held on the 7th day of June, 1919, and published notice thereof, and appointed the persons to hold such election. The parties appointed held the election, and a majority of the qualified electors of the city of Tupelo voted in favor of the issuance of the said bonds, and the bonds were issued, sold, and were about to be delivered to a bank which had bid therefor when the appellant sued out an injunction alleging that he was a resident and taxpayer of Tupelo, Miss., and that chapter 290, Laws of 1918, was unconstitutional and void as violating sections 80, 87, and 88 of the state Constitution, and alleging that, unless restrained, the board would deliver such bonds, and that the city of Tupelo was operating under the Code chapter on municipalities, and not under a special charter and prayed that the injunction be granted perpetually enjoining the issuance and delivery of such bonds. The proceedings of the board are made exhibits to the bill. A demurrer was filed to the bill, and was sustained by the court, and the bill dismissed, from which this appeal is taken.

It is contended by the appellant that chapter 290, Laws of 1918, is a special and local law, and that its enactment is prohibited by the above sections of the Constitution, and that the subject-matter covered by the act can. only be enacted by a general law. It is contended that the power granted in this act is an amendment of the charter of the city of Tupelo, which is claimed to have been inhibited under section 88, and also that the city is a corporation within the meaning of section 87 of the state Constitution. The said sections reads as follows:

"Sec. 80 Provision shall be made by general laws to prevent the abuse by cities, towns, and other municipal corporations of their powers of assessment, taxation, borrowing money and contracting debts."

"Sec. 87. No special or local law shall be enacted for the benefit of individuals or corporations, in cases which are or can be provided for by general law, or where the relief sought can be given by any court of this state; nor shall the operation of any general law be suspended by the legislature for the benfit of any individual or private corporation or association, and in all cases where a general law can be made applicable, and would be advantageous, no special law shall be enacted.

"Sec. 88. The legislature shall pass general laws, under which local and private interests shall be provided for and protected, and under which cities and towns may. be chartered and their charters amended, and under which corporations may be created, organized, and their acts of incorporation altered; and all such laws shall be subject to repeal or amendment."

It was held in the case of *Turner* v. *City of Hattiesburg,* 98 Miss. 337, 53 So. 681, that section 80 of the Constitution is not self-executing, but needs legislation to put it in force. In that case the city of Hattiesburg was authorized by law to issue bonds of the city to offer as

an inducement to have the said school there located, but the act there involved authorized municipalities within the state to issue bonds for such purposes, and the act authorizing the issuance of such bonds was a general law, and section 88 was not applicable to nor involved in that suit. The legislature has by general law provided limitations on indebtedness on the part of municipalities in which it is generally provided that such debts shall not exceed ten per cent. of the assessed valuation of property within the city. Chapter 147, Laws of 1914 (Hemingway's Code, sections 5968-5974). The legislature has also provided by general law for chartering municipalities and amending their charters. It is contended here that powers conferred by chapter 290, Laws of 1918, is in effect an amendment to the charter of the municipality, and, inasmuch as Tupelo operates under the municipal chapter, a special and local law could not be enacted to accomplish such purpose; and it is conceded by the appellee that, if the effect of the law (chapter 290, Laws of 1918) is to amend the charter, this could not be done under a special and local law. The power to erect, establish, and regulate hospitals, etc., is provided for in section 5855, Hemingway's Code (section 3358, Code of 1906), in the following words:

"To erect, establish, and regulate hospitals, workhouses, and houses of correction in the corporate limits, or within three miles thereof, and provide for the government and support of the same."

Chapter 147, Laws of 1914, conferred power upon municipalities operating under Code chapter on municipalities and other cities and towns the power to issue bonds for various purposes; clause L of section 1 including hospitals in such grant. So the charter power to establish hospitals and issue bonds for that purpose is given by general law, but the law places a limitation upon the amount of the bonds that may be issued for

such purposes. Section 2 of chapter 147 contains this limitation and reads as follows:

"The amount of the bonds to be issued, including all outstanding bonds shall not exceed in amount seven per centum of the assessed value of the taxable property of the municipality, unless in an election held for that purpose, a two-thirds majority of the qualified electors voting shall have voted for the issuance of the bonds, but in no case shall the amount exceed ten per centum of the assessed value."

As we construe the law, section 2 is a legislative regulation of the exercise of corporate power, which limitation may be raised or lowered by the legislature without destroying the charter power conferred in the other sections referred to. The exercise of the power may be lawfully made to depend upon conditions, and, while this regulation may limit the power in a particular case, the power is not destroyed, and it is not in a legal sense an amendment of the charter powers, though it has the effect of restricting the exercises of the power; the exercise of the power in such cases being dependent upon facts, and not law. So in our opinion the act in question does not violate either section 80 or section 88 of the Constitution.

Does the act violate section 87 of the Constitution? This section reads:

"No special or local law shall be enacted for the benefit of individuals or corporations, in cases which are or can be provided for by general law, or where the relief sought can be given by any court of this state; nor shall the operation of any general law be suspended by the Legislature for the benefit of any individual or private corporation or association, and in all cases where a general law can be made applicable and would be advantageous, no special law shall be enacted."

Does the word "corporations" in the first clause of this section mean municipal corporations, or is the

meaning limited to private corporations? The term "corporation," as used in the chapter on corporations in the Constitution, is defined to mean all associations and joint-stock companies for a pecuniary gain have privileges not possessed by individuals or partnerships. The chapter on corporations is article 7 of the Constitution, but sections 80, 87 ,and 88 are in article 4 of the Constitution.

Does the word "corporation" in section 87 mean a different thing from what the word "corporation" does in article 7, section 199? Section 199, article 7, defines corporations "as used in this article" to mean "all associations and all joint-stock companies for pecuniary gain having privileges not possessed by individuals or partnerships." What is the significance of the expression "as used in this article?" Ordinary the term "corporation" means private corporation. See *Sherman County* v. *Simonds,* 109 U. S. 735, 3 Sup. Ct. 502, 27 L. Ed. 1093; *Landowners* v. *People,* 113 Ill. 296, 314; *Y. & M. V. R. R. Co.* v. *Leevee Com'rs* (C. C.), 37 Fed. 24; *State* v. *District of Narragansit,* 16 R. I. 424, 16 Atl. 901, 3 L. R. A. 295; *State* v. *Caffery,* 49 La. Ann. 1748, 22 So. 756, 759, 1008; *Electric Medical College Ass'n* v. *Shrader,* 87 Iowa, 659, 55 N. W. 24, 27, 20 L .R. A. 355, 359.

We think the purpose of section 87 was to prevent local and special laws for such corporations as were not public in their nature. The legislature has usually exercised full control over municipal coroporations; the functions of both a municipal corporation and the legislature being entirely public in their nature. The question here presented seems to turn, however, on the second or latter part of section 87, prohibiting the suspension by the legislature of any general law for the benefit of an individual or a private corporation. The effect of chapter 290 may be to suspend the general law contained in chapter 147, Laws of 1914 (section 5968,

Hemingway's Code), but the prohibition applies to private and not municipal corporations. This construction, that the statute is constitutional, so far as the present controversy is concerned, is strengthened by section 89 of the constitution, which provides for a committee of each house on local and private legislation, and provides that all local and private bills shall be referred to such committee and "reported back with the recommendation in writing that it do pass, stating affirmatively the reasons therefor, and why the end to be accomplished should not be reached by a general law, or by a preceeding court," etc., the concluding clause of which section provides:

"If a bill is passed in conformity to the requirements hereof, other than such as are prohibited in the next section, the court shall not, because of its local, special or private nature, refuse to enforce it."

Whatever mischief may lie in the passing of special bills or laws of the kind here involved (and it may be conceded that such acts are not wholesome as a rule), the Constitution in the section last quoted vests in the legislature, and not in the court, the function of deciding this question, and we cannot refuse to enforce any law because merely in our judgment a general law would be better than a special one. The legislature has been recognized by the constitution makers as being the best equipped to deal with the wisdom of enacting special laws rather than general laws, except in cases specifically provided for in the Constitution. We think the act is not in conflict with section 87 in such sense as to make it void and unenforcible in the courts.

There is no suggestion in the bill that the general limitation imposed by chapter 147 is in fact violated; the bill being totally silent about the amount of outstanding bonds and indebtedness and the value of assessed property in such municipality, and it does not appear clearly and certainly that the limitations fixed in the statute last

referred to have been exceeded in the present case. In view of what we have already said, it is unnecessary to decide whether the legislature can by a special act amend the powers conferred on cities and towns operating under the Code chapter. In *Yazoo City* v. *Lightcap*, 82 Miss. 148, 33 So. 949, it was held by the court, speaking through Judge Whitfield, that section 88 of the Constitution did not require that each municipality have the same powers. That case involved an amendment to a special charter which was held to be authorized, though the Code chapter did not confer similar powers on other municipalities. Likewise the case of *Sick* v. *City of* Bay St. Louis, 133 Miss. 175, 74 So. 272; both of the cities involved in these cases being cities under special charters, and not under the municipal chapter of the Code.

The judgment of the court below will be affirmed.

*Affirmed.*