McClure *et al. v.* City of Natchez.[*]

(Division A. Oct. 29, 1928. Suggestion of Error Overruled Nov. 26, 1928.)

[118 So. 615. No. 27292.]

*Corpus Juris Cyc References: Municipal Corporations, 43CJ, section 137, p. 156, n. 70; 44CJ, section 2401, p. 241, n. 8; section 2409, p. 247, n. 68; section 2471, p. 302, n. 97.

*L. T. Kennedy,* for appellant.

*Engle & Lamb,* for appellee.

*L. T. Kennedy,* in reply for appellant.

Argued orally by *L. T. Kennedy,* for appellant.

Sмiтн, C. J. The governing authority of the city of Natchez adopted a resolution on the 9th day of November, 1926, setting forth its intention to pave several of the city's alleys and fixed four p. m. of the 27th day of November as the date for the hearing of objections thereto. The resolution was published in a Natchez newspaper on the 10th, 17th, and 24th days of November. Among other things, the resolution set forth:

"That the proper paving for said alleyways now proposed should be of concrete paving, said alleyways or streets being completely paved across same except in such places in said alleyways as are set aside for drainage or sidewalks by the city engineer in charge of said work and according to plans and specifications now on file in the office of the city clerk of the city of Natchez, Mississippi, which are hereafter referred to and which plans and specifications are also on file in the office of the city engineer of said city of Natchez. Said concrete proposed to be used being a five-inch 1-2-4-course concrete."

No resolution adopting plans and specifications for the paving was adopted; and the evidence leaves in doubt whether such plans and specifications were on file in the office of the city clerk or city engineer while the publication was being made.

The resolution did not set forth under what authority the city proposed to do the paving, but a resolution thereafter adopted, under which the city declared its purpose to proceed with the paving and apportioned the costs, sets forth that the work would be done under chapter 194, Laws of 1924. No objection by any one having been interposed to the paving of the alleys, the city was proceeding therewith when the appellants, who own property abutting on one or more of the alleys, exhibited an original bill in the court below, claiming that the initial resolution setting forth the intention of the city to pave the alleys is void, and praying that the city be enjoined from enforcing it as against them. On final hearing, the prayer of the bill was denied, and the bill was dismissed.

The objections here urged to the initial resolution, and the power of the city to proceed thereunder, are:

(1) It does not set forth that the city intended to make the improvements under chapter 194, Laws of 1924.

(2) It was not published for the required number of weeks.

(3) It does not sufficiently describe "the nature and extent of the work, the general character of the material to be used, and the location and terminal points of the streets, . . . alleys . . . of parts thereof in which said improvements are made."

(4) the city was not authorized to pave its streets under the provisions of chapter 194, Laws of 1924.

█ The city of Natchez did not come under the provisions of the Code chapter on municipalities, but operates under a special charter; and the appellants' contention, under their first proposition hereinbefore mentioned, is that the initial resolution should have stated whether the city intended to do the paving under the provisions of its charter, or a statute, and, if under a statute, what statute. Chapter 194, Laws of 1924, does not require the initial resolution to set forth that a contemplated special improvement is to be made under its provisions, and,

when those things have been done which the statute requires, the improvement can be made thereunder.

■ Section 3 of the statute, after providing for the adoption of a resolution declaring a proposed improvement necessary, provides that:

"Said resolution shall fix a date when the governing authority of said municipality shall meet, which shall be not less than fifteen (15) days. after the date of the first publication of the notice herein provided for, to hear any objections or remonstrances that may be made to said improvements. . . . In publishing said resolution, declaring the work necessary, the plans and specifications of said work need not be published but may be referred to as being on file in the office of the city clerk or city engineer."

The statute contains no other provision with reference to the publication of the initial ordinance; but in *Swayne* v. *City of Hattiesburg,* 147 Miss. 244, 111 So. 818, it was said that section 3 must be read in connection with section 6, chapter 260, Laws of 1912, which provides that the resolution declaring the proposed improvement necessary "shall be published in some newspaper published in the municipality once a week for three successive weeks. It shall not be necessary that any particular number of days shall intervene between the first and last publication of the notice herein required, if the notice in fact appear in the paper three different times in three different weeks." The resolution here in question was published in a Natchez newspaper "three different times in three different weeks," but less than three weeks intervened between the first publication and the day for the meeting of the municipal authorities for hearing objections to the proposed improvement, which length of time the appellants contend must intervene between the two dates. Section 6 of chapter 260, Laws of 1912, when read in connection with section 1607, Code 1906 (Hemingway's 1927 Code, section 1439), may so require; but the time to intervene

between the first publication and the date set for the meeting to hear objections is governed by section 3, chapter 194, Laws 1924, which expressly provides that such time shall not be less than, and by necessary implication that it can be, fifteen days, which number of days here intervened between the first publication and the date set for the meeting at which objections to the proposed improvement would be heard. The resolution was therefore published for the required number of days.

■ Section 3, chapter 194, Laws of 1924, seems to require that the plans and specifications of the proposed improvement must have been adopted, and must be on file when the initial resolution is published; and we will assume, for the purpose of the argument, as the appellants contend, that this was not here done. The appellants' objections to the description of the nature and extent of the proposed improvement set forth in the resolutin is that it does not disclose what, if any, grading and excavating will be necessary in laying the pavement, and the width of same, and that the description of the material of which the pavement is to be made is not sufficiently specific. The information given by the resolution as to the width of the pavement and its material seems to be rather substantial; and, if the grading and excavating to be done was only such as is incidental to the proper laying of the pavement, it may be that no specific description thereof was necessary. We shall assume, however, for the sake of the argument, that the initial resolution is defective in all of these particulars.

Section 4 of chapter 194, Laws of 1924, provides that, when the governing authority of a municipality considers objections of interested persons to a proposed improvement, it "may confirm, amend, modify or rescind the resolution of necessity." One of the obvious purposes which this provision of the statute seeks to accomplish is that the governing authority of the municipality may have an opportunity to correct amendable defects in a resolution

declaring a proposed improvement necessary; and its necessary implication is that the failure on the part of the persons interested in the improvement to object to such defects in the resolution is a waiver thereof. Failure to object is equivalent to consent; and "consent cures error." In *Edwards House Co.* v. *City of Jackson*, 91 Miss. 429, 45 So. 14, it was said, with reference to a statute that did not permit an amendment of the original resolution, that:

"The safe time for the property owner to object, if he intends to object, is at the time the law has designated for this when the machinery of government is first put in motion, and not wait until the improvement has been made and the benefits accrued, and then seek to defeat the assessment by finding some irregularity in the proceedings leading up to it that would invalidate it."

The statutes under which the cases of the *City of Jackson* v. *Williams*, 92 Miss. 301, 46 So. 551, and *City of McComb* v. *Barron,* 147 Miss. 465, 112 So. 875, were decided, did not contain the provision of the one here under consideration permitting an amendment of the initial resolution, and therefore those cases are not in point here. Had the appellants appeared before the governing authority of the appellee on the day set for the hearing of objections to the initial resolution herein and objected thereto, because of the defects therein here urged against it, such defects, if such in fact they are, could have been then cured; and, having failed so to do, the appellants cannot now be heard to complain thereof.

■ This bring us to the appellants' contention that the appellee is without power to pave its streets and alleys under chapter 194, Laws of 1924. In support of this contention, the appellants say that:

"By Section 88 of the Constitution it is provided that the legislature shall pass general laws under which cities and towns may be chartered and their charters amended. In pursuance thereof, the legislature adopted section 3444

of the Code of 1906 providing a method by which the charter of a municipality may be amended, and we submit, without further argument, that the legislature may not amend the charter of the city of Natchez by a general law, but only in the pursuance of the method already adopted. This was specifically held in the case of *Monette v. State,* 91 Miss. 662, 44 So. 989, 124 Am. St. Rep. 715.''

Chapter 194, Laws of 1924, expressly provides that it shall apply to all municipalities, and therefore, if valid, as we hold that it is, amends the charters of municipalities that are operating under special charters. The legislature has never interpreted section 88 of the Constitution as limiting its power to amend the charters of municipalities operating under special· charters by a general law applying to all municipalities. The precedent for so doing, set by the legislature which first assembled after the adoption of the Constitution, by enacting section 3036, Code of 1892, now section 3441, Code 1906 (Hemingway's 1927 Code, section 7026), has been followed probably by every legislature that has convened since. It is true that in *Monette v. State, supra,* with which compare *Feemster v. Tupelo,* 121 Miss. 733, 83 So. 804, this court held that section 88 of the Constitution prohibits the legislature from amending the charter of a particular municipality by a special statute; but it has also held, setting forth fully its reason for so doing, that section 88 of the Constitution does not limit the power of the legislature to amend the charter of a municipality operating under a special charter by general statute applicable to all municipalities. *Adams v. Kuykendall,* 83 Miss. at page 583, 35 So. 830; *Hurley v. Corinth,* 97 Miss. 396, 52 So. 695; *Rosetto v. City of·Bay St. Louis,* 97 Miss. 409, 52 So. 785.

We have not considered, and express no opinion on, the procedural objections raised by the appellee to the institution of this suit by the appellants.

*Affirmed.*