HAAS *et al. v.* HANCOCK COUNTY.

(Division B.   Dec. 5, 1938.)

[184 So. 812.   No. 33529.]

Edward I. Jones, of Bay St. Louis, for appellants.

368

Geo. R. Smith, of Gulfport, and W. J. Gex, Jr., and Robert L. Genin, both of Bay St. Louis, for appellee.

Argued orally by **Edward I. Jones** for appellant and by **W. J. Gex, Jr., Geo. R. Smith** and **Robert L. Genin** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

By chapter 134, Laws Extraordinary Session 1938, page 176, the legislature passed an act authorizing the Board of Supervisors of Hancock county to borrow $75,000, or so much thereof as may be necessary, for the purpose of paying county warrants and accounts theretofore approved by that board, and which were outstanding and unpaid, "which said warrants and accounts are hereby validated as lawful and binding obligations of said county." The board was authorized to evidence such loan by the issuance of bonds or certificates of indebtedness of said county, to be executed on behalf of the county by the signature of the president of the board, countersigned by the clerk thereof, under the seal of the board, such bonds to bear interest at a rate not to exceed six per cent per annum, payable semi-annually, and for a time not exceeding ten years; making it the duty of the Board of Supervisors annually to levy upon all taxable property within said county an ad valorem tax

sufficient to pay said bonds or certificate as they mature, and the interest thereon as it accrues, the proceeds of such levy to be used for no other purpose. Section 3 of the act provides that the board may sell such bonds at no less than par and accrued interest, and that they shall not be subject to other provisions, restrictions or limitations of law as to amount of indebtedness or otherwise.

In pursuance of this authority the Board of Supervisors gave due notice of its purpose to issue said bonds, and the bonds were issued in pursuance of such notice, being referred to the state bond attorney for his opinion as to their legality, etc. He approved the bond issue as being legal and proper, constituting a valid obligation against the county. Thereupon proceedings for validation of the bonds were had in the chancery court of Hancock county, notice thereof being given in the manner prescribed by the statutes.

Objections to the bond issue were filed by Norton Haas on the ground that, ''The local and private act under which said bonds are attempted to be issued is unconstitutional, in that it violated the Constitution of the State of Mississippi:'' Thereafter certain other parties filed objections on the same grounds. These objections failed to specify in what respect the act, in their opinion, violated the Constitution. To the objections the county filed an answer, setting up that Haas, Davidson and other parties were not entitled to file the objections, because they were not taxpayers. No proof was taken on that proposition, but the proceedings were introduced in evidence before the chancellor, the case was argued before him, and he found the bonds to be valid, reciting that the cause came on for hearing on the objections of the parties named. He held the bonds to be valid, constituting an obligation against the county: from which decree, validating the bonds, this appeal is prosecuted.

On the appeal it was argued that the act is a private

act, and was not introduced in evidence; and that the court erred in taking judicial notice of it.

In our judgment this is not a private act, but a local and public act, and the court should have taken judicial notice of the passage of the law and its contents. See 59 C. J. 736, where it is said that if "a public local law and a special law are to be distinguished in that a local law applies to all persons within the territorial limits prescribed by it, while a special law applies to particular persons or things of a class. . . . The term 'private' has been sometimes used as synonymous with 'special.' . . . A public law is one which concerns the interest of the public at large. A public law may be a general, local or special law." See, also, 6 Words and Phrases, First Series, page 5568; and 6 Words and Phrases, Third Series, page 116.

It is argued that this act specifically suspends a general law in favor of the county, and for that reason violates section 87 of the Constitution, and that it was not made valid by a proceeding in accordance with section 89 of the Constitution, outlining how local and private legislation shall be passed in the legislature, and if passed in accordance with the provisions of that section, the court shall not refuse to enforce it because of its local and private nature. The contention as to it being a private law, or a law in favor of private persons, is decided against in the case of Feemster v. Tupelo, 121 Miss. 733, 83 So. 804.

The argument that it developed upon the county to show a compliance with the provisions of section 89 of the Constitution on the part of the legislature is ruled against by the opinion in the case of State ex rel. v. Jackson, 119 Miss. 727, 81 So. 1, where it was held that the Court would not look to the journals of the legislature to see whether the legislature had complied with the provisions of section 89 of the Constitution in the passage of a local, private or special law. The Court there decided that it would not consider the journals, and would

not undertake to review legislative proceedings, when they had been certified by the speaker of the house and the presiding officer of the senate, as having been passed in accordance with the Constitution, or to have been duly and properly passed.

The question is now foreclosed, whatever might be said by way of distinction between section 89 of the Constitution and other rules of procedure in the Constitution, and is not now open for decision.

We do not feel called upon to decide now who should assume the burden of proof with reference to whether or not the objectors were taxpayers. It is a matter in abatement, going to the capacity of the parties to sue. By going into a trial on the merits, without having the point first decided by the chancellor it is waived. Burroughs Co. v. Murphy, 131 Miss. 526, 95 So. 515, 518.

We find no error in the action of the court below, and its judgment is affirmed.

Affirmed.