McFarland et al. *v.* Masonite Corporation.

In Banc. May 8, 1950.

No. 37502 (46 So. (2d) 84).

McFarland & McFarland, for appellant.

C. D. Gibbes, Jr., and **Welch, Cooper & Welch**, for appellee.

**Alexander, J.**

Bill was filed by appellee to cancel tax patent issued to McFarland and for damages for cutting of timber therefrom. Decree was entered for complainant declaring the tax sale to the State invalid and the patent void, together with an award of $251.64 against McFarland and D. L. Fair Lumber Company who cut said timber under authority from the patentee.

The decree rested upon noncompliance with Section 12 of Chapter 168 of the Laws of 1906, which we here quote: "It shall be the duty of the Assessor of Jasper County to file with the Chancery Clerk of said county two copies each of the land and personal assessment rolls of said county, filing one of each with said Clerk at his office at Paulding, and one of each in his office at Bay Springs, and said Board of Supervisors, in passing on said assessment rolls, shall, at the proper meeting held by them at Paulding, approve so much of the same as shall relate to and embrace property included and being in the First District of said county, and at the proper meeting held at Bay Springs they shall act on and approve so much of said rolls as shall embrace and include the property within the Second District of said county, in all instances acting upon said rolls, so far as

the territory embraced in each of the respective districts is concerned, in the same manner as though the action or approval thereof related to the approval of the assessment rolls of different counties, and the Assessor and Clerk shall provide suitable copies of said entire rolls as finally approved in all instances where required by law as though said rolls related to different counties; provided, that only one copy of each shall be required to be filed with the Auditor of Public Accounts when the rolls shall have been approved, and so far as the same shall relate to each of said districts.''.

This act divided Jasper County into two districts with county seats at Paulding in district one, and at Bay Springs in district two. The lands-involved are the NE¼ of NW¼ of Section 27, Township 4 North, Range 11 East. They lie in the second district.

The act of 1906 is clear that complete copies of the assessment rolls be filed in each district. The record substantiates the fact that this was not done. The sale for delinquent taxes was made April 6, 1931 for the taxes for 1930.

It is argued, however, that Chapter 323, Laws 1920, Code 1942, Section 9785, repealed Section 12 of the 1906 Act. We do not think it does so by either direct language or by implication. The meaning of the 1906 Act as well as the legislative interpretation thereof is attested by Chapter 520 of the Local and Private Acts of 1934 whereby Section 12 of Chapter 168 of the Laws of 1906 was amended so as to dispense with the requirement that complete copies of the roll be filed in each district, and provided that there be filed at each county seat a roll only of the lands lying respectively in each.

We need not further expand our conclusion that the sale in 1931 must be tested by the requirements of the 1906 Act and that failure to comply therewith rendered the sale to the State invalid. The patent subsequently issued is therefore void.

Point is made that the Act of 1906 was required to be pleaded since, being a local and private Act, judicial notice thereof would not be taken. The answer is found in Haas v. Hancock County, 183 Miss. 365, 184 So. 812. It is a special, but nevertheless a public act. 59 C. J. p. 736.

We find no occasion to examine the other assignment which is directed to the sufficiency of the notice to the taxpayers of the completion of the rolls and their availability for examination and correction.

No point is made as to the validity of appellee's title apart from the issue of validity vel non of the sale, or as to the finding of damages.

Affirmed.