JOHNSON, et al. *v.* CITY OF MERIDIAN.

Division A. Oct. 15, 1951.

No. 38355 (54 So. (2d) 402)

**Wilbourn & Wilbourn,** and **Dunn & Singley,** for the motion.

Geo. M. Ethridge, Jr., and Lyle V. Corey, contra.

330

McGehee, C. J.

The City Council of Meridian on August 12, 1949, proceeded under Chapter 194, Laws of 1924, as amended by Sections 3673-4-5-6-7 et seq., Code of 1942, to provide for the paving and other improvements of a thoroughfare designated as "Dogwood Drive, from South 22nd Avenue to street through Block B, Lakemont, thence westerly to and including the turn-around." In other words, the route proposed to be paved was to extend from 22nd Avenue along Dogwood Drive for a considerable distance and then follow a thoroughfare through a residential sub-division on which the lots in the sub-division abutted, and including that part of this extension of the route which constituted a "turn-around" on which some of the lots abutted, and so as to afford a paved thoroughfare from the lots abutting thereon out to the said 22nd Avenue and into the downtown section of the city.

Pursuant to its proposal to do this improvement, the City Council gave notice as provided for by Section 3675, Code of 1942, that on September 12, 1949, it would meet in the Council Chamber of the City Hall in the City of Meridian at 10 o'clock a. m. to hear and consider any and all protests of property owners whose lots abutted on the streets and avenues or parts thereof mentioned in a resolution published along with the notice, against the making of said improvements on any of such streets and avenues, and would determine whether or not said improvement should be made in whole or in part, and would also determine the proportionate costs to be assessed against any abutting property. The hearing of

any protests "At said meeting or at a time or place to which same may be adjourned * * *" is provided for by Section 3676, Code of 1942, which declares, among other things, that "The determination of such governing authority shall be final and conclusive; provided, however, that if a majority of property owners actually residing on property owned by them and included within that part of any street, avenue, etc., ordered to be specially improved, or otherwise actually occupying property owned by them and included within that area shall file a protest, then the improvement shall not be made."

None of the appellants, Dr. C. Earle Johnson, Jr., and others, appeared at the meeting on September 12, 1949, to make objection, or otherwise then protested against the proposed improvement. In fact, the appellants, Dr. C. Earle Johnson, Jr., and his wife, Mrs. Kathleen Johnson, did not then own any of the abutting property, but subsequently acquired from Mr. and Mrs. M. J. L. Hoye, the major portion of the area as to which they and the Hoyes filed a protest on May 5, 1951, against being assessed with any part of the cost of such improvements.

In the meantime, the City Council had on November 14, 1949, adopted its resolution referring to its initial resolution of August 12, 1949, wherein it was adjudicated that the City Council deemed it necessary for the public good that such improvements should be made, and also reciting the publishing of the notice prior to September 12, 1949, as to the date for the hearng of protests on the part of the abutting property owners, the fact that the proof of publication was on file showing that the same had been published in the manner and for the time required by law, and that the City Council "would then and there hear all objections and protests made either in person, by petition, or by attorney." This resolution of November 14, 1949, adjudicated what streets and drives, including Dogwood Drive, should be included in the pavement program, and also the avenues that were to be included therein, and specified what streets and

avenues were to be eliminated from the list mentioned in the initial resolution on the basis of the protests which had been heard and considered. This last mentioned resolution also adjudged that a majority of those property owners abutting on the streets which the City Council had determined to improve, under the provisions of Chapter 194 of Laws of 1924, as amended, had not protested against the making of said improvements, and the City Council therefore determined and declared that it would proceed with the said improvements along the several streets and avenues not eliminated from the initial resolution.

The appellants, the Johnsons and the Hoyes, filed their bill of complaint in June 1951, making all of the proceedings of the City Council, hereinbefore mentioned, as exhibits thereto, and sought a temporary injunction against the making of such improvements. A general demurrer was interposed by the City of Meridian, which was sustained by the trial court. Thereupon, the complainants failed to ask leave to amend their bill of complaint but asked for and obtained an interlocutory appeal to this Court from the interlocutory decree of the chancellor sustaining the demurrer, and without supersedeas, and such appeal was granted to the order sustaining the demurrer "to settle the controlling principles of the case." Insofar as the record discloses it was not then contended, nor is it contended now, that the appeal was granted to save expenses and delay.

No appeal was ever taken from any of the actions of the City Council on any matter adjudicated by it in the proceedings. And as we understand the contention of the appellants, they are (1) that the street or thoroughfare here involved was in reality two streets and that a majority of the property owners owning as much as 50% of the property abutting on either link thereof would have been entitled to protest; (2) that no plans and specifications dealing with the improvements had been prepared, adopted and placed on file in the office of the

city engineer prior to the time of their filing the protest on May 5, 1951, and when the improvements had not been begun; (3) that the City Council did not enter an order at the meeting of September 12, 1949, determining whether such improvements should be made and how paid for, but adjourned that meeting sine die, and that not until November 14, 1949, did it enter its order relative thereto, the adjudications in which have been heretofore mentioned; and (4) that their protest of May 5, 1951, was in due time and should have been sustained.

The answer to the first contention is that ██ █ no protest was filed by any of the complainants, and that there was not a majority of the property owners owning as much as 50% of the property on either link of the proposed route who had filed a protest. The answer to the second contention is that ██ █ the City Council by its resolution of November 14, 1949, then adjudicated that the plans and specifications were on file, and we are of the opinion that otherwise this failure, if any there was, could have been cured if the complainants had made such an objection either on September 12, 1949, or on November 14, 1949, although they were required to file their protest on or before September 12, 1949, as required in the published notice, and as required by the statutes in question, as construed in the case of McClure v. City of Natchez, 151 Miss. 718, 118 So. 616, 618. In that case the Court said: "Section 4 of chapter 194, Laws of 1924, provides that, when the governing authority of a municipality considers objections of interested persons to a proposed improvement, it 'may confirm, amend, modify or rescind the resolution of necessity.' One of the obvious purposes which this provision of the statute seeks to accomplish is that the governing authority of the municipality may have an opportunity to correct amendable defects in a resolution declaring a proposed improvement necessary; and its necessary implication is that the failure on the part of the persons interested in the improvement to object to such defects in the resolution is

a waiver thereof. Failure to object is equivalent to consent; and 'consent cures error.' '' The answer to the third contention is that the ██ ██ City Council was entitled to take such time as it deemed reasonably necessary within which to consider the protests by other property owners that were made on September 12, 1949, and did not lose jurisdiction to pass upon the said objections at a subsequent meeting. And the answer to the ██ ██ fourth objection, as well as to the first and second, is that the controlling principles of law which govern their determination are fully settled in the case of McClure v. City of Natchez, supra, and other decisions of this Court.

██ ██ We are therefore of the opinion that the interlocutory appeal was improvidently granted and that the same should be dismissed, with the right of the complainants to amend their bill of complaint, as to any additional averments and to be supplemented by any additional exhibits that they may desire to make or file, since the bill was not dismissed on the ground that the complainants *declined or failed* to amend.

This is not a case where we are required to read a record of testimony on a plea and consider the merits of the case thereon on the question of whether or not the appeal should be dismissed. The question of whether or not the controlling principles of law have been fully settled can be determined, as we have done, by looking to the bill of complaint and the exhibits thereto, to which the demurrer was sustained, and it now clearly appears that all of the controlling principles of law as to the validity of the proceedings are fully settled.

It is therefore ordered that the appeal should be, and the same is, hereby dismissed.