INZER, Justice:
This is an appeal by Mrs. Flora Lee Case from a decree of the Chancery Court of Lincoln County reforming a deed to conform to the intentions of the parties formed prior to its execution.
Appellees Ernest Case and his wife, Ola Case, brought suit against appellant Flora Lee Case and her former husband Elam Case to reform the deed to eighty acres of land executed by appellees to Elam Case and appellant, so as to conform the intention of the parties that a life estate be reserved unto the grantors. Appellant answered the bill of complaint and denied there had been any mutual mistake or there was any intention to reserve a life estate unto the grantors. Elam Case did not answer the bill and, when called as an adverse witness, testified all the parties understood that a life estate was intended to be reserved unto the appellees. A decree was entered reforming the deed as prayed for on the ground of mutual mistake.
The main grounds for reversal of this case are (1) the judgment was contrary to the overwhelming weight of the evidence, (2) a life estate cannot be reserved unto a wife whose only interest in the land is homestead, and (3) a demand for reformation must be made prior to the filing of the bill of complaint.
The specific finding of the chancellor was the parties intended to reserve a life estate unto the grantors, Ernest Case and his wife Ola Case, but through a mutual mistake this was not accomplished. After carefully reviewing the testimony in this case, considering the briefs, and errors assigned, we are of the opinion the decree appealed from should be affirmed.
The opinion of the chancellor reveals that he was fully aware of the degree of proof necessary to reform a deed on the ground of mutual mistake. The evidence was sufficient to satisfy his mind beyond a reasonable doubt that the deed should be reformed. After a review of the evidence in this case, we cannot say he was wrong in so doing.
We find no merit in appellant’s contention that Mrs. Ola Case had no interest in the land in question, and, therefore, a life estate could not be reserved unto her. The proof shows the land deeded to appellant and her then husband, Elam Case, was a part of the homestead of Ernest Case and his wife, Ola Case. Proof is not clear as to whether title to the land was *881 in Ernest or in him and his wife. However, we assume for the purpose of this decision that the title was in Ernest Case. The question then is, did the wife have such interest in the homestead that a life estate could be reserved unto her as well as to her husband? We hold she did. Section 330, Mississippi Code 1942 Annotated (1956), provides a conveyance of the homestead property is invalid unless signed by the wife. Since the eighty acres conveyed were a part of the homestead, it could not have been conveyed to the grantees without the consent of Mrs. Case, and she had the right to refuse to convey it unless the life estate was reserved unto her. The case of Cook v. Farley, 195 Miss. 638, 15 So.2d 352 (1943), relied upon by appellant, is not controlling on this question. The exception in the deed by husband and wife was that all the oil, gas and mineral deposits were excepted, and the deed recited the grantors had promised to convey the minerals to their son. We held the son acquired no interest in the minerals by virtue of the exception in the deed, the paramount reasons being the son was not a party to the deed and the deed contained no words of present grant or conveyance. In the case before us, the wife was a party to the instrument and, of course, she had such an interest in the property that a life estate could be reserved under her as well as to her husband.
It is not necessary that we consider the third assignment of error because it is raised for the first time in this Court. We are aware that a few states have adopted the rule where the only relief sought is a reformation of an instrument, a previous demand for correction is necessary before bringing suit. We have not as yet adopted such a rule. The most which could be said relative to such a rule is that it is a procedural rule and as such may be waived. By going to trial without raising this point, appellants waived it. Haas v. Hancock County, 183 Miss. 365, 184 So. 812 (1938). Griffith, Mississippi Chancery Practice, Section 557 (2d Ed. 1950).
For the reasons stated, we are of the opinion that this case should be, and it is affirmed.
Affirmed.
RODGERS, P. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.