# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-CA-00969-SCT

*THOMAS HILL*

*v.*

*KIRK FORDICE, GOVERNOR STATE OF MISSISSIPPI; EDWARD HARGETT, SUPERINTENDENT OF THE STATE PENITENTIARY; MARY GERVIN, DIRECTOR OF THE STATE PERSONNEL BOARD, AND BONNIE SIDES, INTERIM DIRECTOR OF THE STATE PERSONNEL BOARD*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/05/94 |
| TRIAL JUDGE: | HON. ROBERT LEWIS GIBBS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEES: | JOHN L. CLAY |
| | LEONARD C. VINCENT |
| | JIM NORRIS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 4/24/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

### STATEMENT OF THE FACTS

On June 23, 1993, Thomas Hill, an inmate in the Mississippi State Penitentiary at Parchman, filed his complaint in the Circuit Court of Hinds County against Kirk Fordice, Governor of the State of Mississippi; Edward Hargett, Superintendent of the State Penitentiary; Mary Gervin, Director of the State Personnel Board; and Bonnie Sides, Interim Director of the State Personnel Board. His

complaint alleged that four correctional disciplinary chairpersons did not meet the minimum qualifications set by the State Personnel Board for the position. The complaint asserted that Hill had made the defendants aware of the chairpersons' insufficient qualifications, but that they failed to correct the problem in violation of state law and departmental policy and procedures. Instead, Hill asserted, the defendants retaliated against him by suspending him from his job assignment, transferring him to a disciplinary-punitive housing unit, and issuing him two unfounded Rule Violation Reports. Hill complained that he would be subjected to decisions by unqualified disciplinary chairpersons who would be unable to make informed, educational rulings and interpretations of law. He also asserted that he was denied due process of law in violation of the First, Sixth, and Fourteenth Amendments because of the chairpersons' lack of qualifications and the retaliation he suffered. Hill also claimed that he suffered mental pain, anguish and trauma. As relief from these alleged wrongs, Hill sought declaratory judgment requiring the defendants to follow their own rules and regulations, a temporary restraining order prohibiting further retaliation against him and preventing the allegedly unqualified disciplinary chairpersons from overseeing any disciplinary action against him, $500.00 compensatory damages from each defendant, $1,000.00 punitive damages from each defendant, and replacement of all unqualified chairpersons. Along with his complaint, Hill filed his affidavit of poverty. He also included exhibits consisting of letters to the defendants informing them of the alleged lack of qualifications of the disciplinary chairpersons and a list of the minimum requirements for disciplinary chairpersons.

On July 14, Hill filed a motion to set a hearing date for his motion for a temporary restraining order and/or preliminary injunction. The defendants filed their answer on August 31, asserting that Hill failed to state a cause of action upon which relief may be granted, asserting their absolute, sovereign and qualified immunity defenses, and asserting lack of subject matter jurisdiction. In their answer, the defendants also made a motion for the court to dismiss Hill's complaint with prejudice. The defendants also filed a motion to dismiss or, in the alternative, motion for summary judgment, and to hold discovery in abeyance. They filed a notice of motion and memorandum in support of the motion on the same day. Circuit Judge Robert Gibbs issued an order on December 16 holding discovery in abeyance pending his consideration and ruling on the defendants' motion to dismiss or for summary judgment. Hill filed a response to the defendants' motion with a memorandum in support thereof on March 11, 1994. He also filed exhibits in support of his response and memorandum.

The defendants filed an affidavit by J.K. Stringer, Jr., the State Personnel Director for the Mississippi State Personnel Board, on July 5, 1994. In his affidavit, Stringer stated that all four of the disciplinary chairpersons whom Hill alleged were unqualified did in fact meet the minimum requirements to serve in their positions. Another affidavit by Stringer was filed on July 25, giving more specific information on the chairpersons' qualifications. Attached as exhibits to his affidavit were lists of qualifications for the positions and excerpts from the Mississippi State Personnel Board Policy and Procedures Manual on hiring and substitution of minimum requirements. On August 5, 1994, Judge Gibbs issued his order granting the defendants' motion for summary judgment based upon their qualified immunity from suit. In his order, the judge found that the defendants, through the filed affidavits, had shown that the disciplinary chairpersons met the minimum requirements for their positions. Judge Gibbs determined that because Hill did not contest these facts, there were no genuine issues of fact. Based upon uncontested evidence, the judge held that Hill could not proceed to trial against the defendant government officials, because he failed to show that they breached a legal duty that is ministerial in

nature, or greatly exceeded their authority in the course of exercising a discretionary duty, or committed an intentional tort. Hill filed his motion to reconsider on August 17, asserting that he was never served with a copy of Stringer's affidavits, the basis of the court's order granting summary judgment, and was therefore unable to respond to them. Judge Gibbs denied Hill's motion for reconsideration in an order issued on September 7. Hill filed his notice of appeal to this Court and motion to proceed in forma pauperis, which Judge Gibbs granted.

## STATEMENT OF THE LAW

### Standard of Review

We employ a de novo standard of review in reviewing a lower court's grant of summary judgment. Thus, we use the same standard that was used in the trial court. We must review all evidentiary matters before us in the record: affidavits, depositions, admissions, interrogatories, etc. The evidence must be viewed in the light most favorable to the nonmoving party who is to be given the benefit of every reasonable doubt. The burden of demonstrating that no genuine issue of material fact exists is on the moving party. However, this burden on the moving party is one of production and persuasion, not of proof. A motion for summary judgment lies only when there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. This Court does not try issues on a rule 56 motion; it only determines whether there are issues to be tried. In reaching this determination, this Court examines affidavits and other evidence to determine whether a triable issue exists, rather than for the purpose of resolving that issue.

*Seymour v. Brunswick Corp., Mercury Marine Div.*, 655 So.2d 892, 894-95 (Miss. 1995) (citations omitted).

## I.

## COURT RULES WERE NOT FOLLOWED BY COURT AND DEFENDANTS.

Hill asserts that he was never served with copies of the affidavits and exhibits filed in support of the defendants' motion for summary judgment or with the court's order holding discovery in abeyance. He claims that failure to serve him with copies of these pleadings denied him of notice and his right to be heard and therefore deprived him of due process of law.

M.R.C.P. 5(a) reads in pertinent part as follows:

(a) Service: When Required. Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided in Rule 4 for service of summons.

M.R.C.P. 5(a). "The enumeration of papers in rule 5(a) which are required to be served is not exhaustive; also included are affidavits in support of or in opposition to a motion, Rule 6(d). . ." M.R.C.P. 5 Comment. Rule 6(d) requires that affidavits supporting motions be served with the motion. M.R.C.P. 6(d).

The record reflects no certificate of service to Hill for Stringer's affidavits or the attached exhibits, and Hill asserted in his motion for reconsideration that he never received copies of these affidavits filed by the defendants. Failure to serve Hill with copies of these affidavits and exhibits upon which the court relied in granting the defendants' motion for summary judgment was a violation of M.R.C.P. 5(a) and 6(d). However, the purpose of those rules is to provide the non-moving party with notice of the impending summary judgment motion and an opportunity to be heard in response to the motion. Hill was given notice of the defendants' motion for summary judgment both by service of the motion and supporting memorandum and by the defendants' notice of motion. He had adequate opportunity to be heard on the motion and did so by filing his response to the defendants' motion with a memorandum and exhibits in support thereof.

> This Court has held that when a motion for summary judgment is filed, the non-moving party 'must rebut by producing significant probative evidence showing that there are indeed genuine issues for trial.' *McMichael v. Nu-Way Steel & Supply, Inc.*, 563 So.2d 1371, 1375 (Miss.1990) ; *Newell v. Hinton*, 556 So.2d 1037, 1041 (Miss. 1990). This burden of rebuttal arises, however, only after the moving party has satisfied its burden of demonstrating that no genuine issue of material fact exists. Otherwise, there would be nothing for the non-moving party to 'rebut.'

*Hurst v. Southwest Mississippi Legal Services Corp.*, 610 So.2d 374, 383 (Miss. 1992). Stringer's affidavits only supported the defendants' prior assertion in their motion for summary judgment and memorandum supporting the motion that the disciplinary chairpersons were in fact qualified to hold their positions. Based purely on common sense, whether or not Hill received copies of these affidavits, his rebuttal to the motion for summary judgment should have included argument and affidavits to support his claim that the chairpersons were not qualified in order to maintain that there were genuine issues of material fact in his case. Hill has not shown how he would have responded to the defendants' motion for summary judgment differently had he received service of Stringer's affidavits. His case was not prejudiced by this omission, so we will not reverse based upon the defendants' error in failing to effect service of Stringer's affidavits.

Hill also complains that the defendants did not file their motion to hold discovery in abeyance within the thirty-day time limit for responding to his September 29 interrogatories. He requests that the motion to hold discovery in abeyance and the order granting the motion be stricken from the record because of the time bar. Hill has waived consideration of this assignment of error, because he raises it for the first time before this Court. *Case v. Case*, 254 So.2d 879, 881 (Miss. 1971). Furthermore, the record does not contain Hill's interrogatories, so we may not consider the issue since it is outside the record. *MST, Inc. v. Mississippi Chemical Corp.*, 610 So.2d 299, 304 (Miss. 1992).

## II.

## LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT.

Hill argues that the pleadings in this case presented genuine issues regarding material facts, because he presented one version of the facts, and the defendants presented another. He asserts that the trial court erred in granting the defendants' motion for summary judgment without at least proceeding with discovery.

Judge Gibbs granted the defendants' motion for summary judgment based upon their qualified immunity as government officials.

> When an individual who is a state government official is named as a defendant in a civil action, our law thus directs that he or she enjoy no immunity to a civil action for damages if his breach of a legal duty causes injury and (1) that duty is ministerial in nature, or (2) that duty involves the use of discretion and the governmental actor greatly or substantially exceeds his authority and in the course thereof causes harm, or (3) the governmental actor commits an intentional tort.

*McFadden v. State*, 542 So.2d 871, 877 (Miss. 1989) (citations omitted). "Discretionary duties enjoying a qualified immunity are duties positively imposed by law but which are dependent upon an officer's judgment or discretion." *Bankston v. Pass Road Tire Center, Inc.*, 611 So.2d 998, 1008-1009 (Miss. 1992). In this case, the hiring of disciplinary chairpersons and decisions regarding the refusal to remove the chairpersons from their positions were exercises of discretionary duties on the part of the defendant government officials. Hiring and firing decisions in the employment of state workers are discretionary duties. *See Staheli v. Smith*, 548 So.2d 1299, 1305 (Miss. 1989) (holding that dean refusing to recommend tenure for professor was exercising a discretionary duty). The question then becomes whether the defendants greatly or substantially exceeded their authority in finding that the disciplinary chairpersons were qualified to hold their positions. The defendants submitted affidavits and exhibits to the trial court showing that all four of the chairpersons satisfied the minimum requirements for their positions by possessing equivalent training and experience as set out in the Mississippi State Personnel Board Policy and Procedures Manual. Hill provided no evidentiary support of his claim that they were unqualified other than an affidavit by Kenneth W. Garrison stating that one of the chairpersons did not possess a masters degree. Since the chairperson could be eligible through equivalent training and experience, her lack of this degree was not evidence of her being unqualified for the position. The unrefuted evidence before the trial judge revealed that all of the chairpersons in fact had met the minimum requirements to hold their positions, so the defendants could not have abused their discretionary authority in retaining the chairpersons in their employment. The trial judge therefore did not err in granting summary judgment based upon the qualified immunity of the defendants.

## III.

## COURT SHOULD VACATE ORDER GRANTING MOTION TO HOLD DISCOVERY IN ABEYANCE.

Hill asserts that the defendants were given an unfair advantage, because they sought evidence on their own behalf after the order holding discovery in abeyance was granted, thereby violating the "fair play and substantial justice" standard of *International Shoe Co. v. Washington*, 66 S.Ct. 154, 158-162 (1945). He further argues that the abeyance order should be nullified based upon M.R.C.P. 60(b).

*International Shoe* sets out the minimum contacts requirement to satisfy due process in asserting personal jurisdiction over a defendant outside of the forum territory. *Id*. That case offers no help to the issues here. The record does not reflect any unfair advantage taken by the defendants following the order holding discovery in abeyance. The trial court properly issued that order pursuant to *Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2738 (1982), in which the Supreme Court of the United States held that discovery should be postponed until the issue of immunity is resolved in a suit against a government official, so as to avoid unnecessary interruption of government activity. *Id*. The trial judge appropriately issued the order holding discovery in abeyance while he considered the defendants' motion for summary judgment based upon qualified immunity.

Rule 60(b) allows relief from a final judgment, order, or proceeding based upon fraud, misrepresentation, or other misconduct of a party; accident or mistake; newly discovered evidence; void judgment; satisfaction, discharge, or release; or any other justifiable reason. M.R.C.P. 60(b). Since the trial judge properly granted summary judgment, we will not nullify the order holding discovery in abeyance pursuant to M.R.C.P. 60(b).

## IV.

### LOWER COURT ABUSED ITS DISCRETION IN NOT GRANTING APPELLANT'S MOTION TO RECONSIDER.

Hill again argues that the trial court erred in granting summary judgment, and therefore erred in refusing to grant his motion to reconsider, because genuine issues of material fact existed which warranted reconsideration. However, as previously discussed, the trial court properly granted the defendants' motion for summary judgment based upon their qualified immunity as government officials acting within their authority in exercising a discretionary duty. Judge Gibbs similarly did not err in refusing to reconsider his order granting that motion.

## V.

### LOWER COURT DID NOT ADDRESS OR CONSIDER ISSUE OF RETALIATION IN GRANTING SUMMARY JUDGMENT.

Hill argues that the trial court erred in granting summary judgment for the defendants without addressing the retaliation issue in his complaint. He cites no authority in support of his argument. "This Court has stated it has no obligation to consider any assignments of error unsupported by legal authority. . ." *Gex v. Mississippi Bar*, 656 So.2d 1124, 1127 (Miss. 1995). Addressing this issue on the merits, as previously discussed, the trial judge properly found that the defendants were protected by qualified immunity. There was no further requirement to address the merits of each of Hill's claims. Furthermore, Hill provided absolutely no support for his claims of retaliation. As a result, the trial judge did not err by failing to address the retaliation issue in his order granting summary judgment.

## CONCLUSION

Hill was afforded sufficient due process of law, even if he was not served with copies of Stringer's affidavits, because Hill received ample opportunity to be heard on the defendants' motion for

summary judgment. It was proper for Judge Gibbs to order that discovery be held in abeyance while he considered the issue of immunity before him in the defendants' motion for summary judgment. Judge Gibbs was also correct in granting the motion for summary judgment based upon his finding that the defendant government officials were protected by qualified immunity, because they were acting within their authority in exercising discretionary duties regarding the employment of the disciplinary chairpersons. The judge similarly properly refused to grant Hill's motion to reconsider the summary judgment order. None of Hill's assignments of error reveal reversible error by the trial court in this case. We therefore affirm the trial court's order granting summary judgment in favor of the defendants.

**AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**