[No. 2633.   Aug. 6, 1921.]

## BOWERS v. CITY OF ALBUQUERQUE

### SYLLABUS BY THE COURT.

Section 3598, Code 1915, which prohibits the increase or decrease of salary of a city officer during his term of office, has no application to a city officer having no fixed tenure of office, but who serves during the pleasure of the appointing power.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by Henry M. Bowers against the City of Albuquerque.   From a judgment for defendant, plaintiff appeals.   Affirmed.

Henry G. Coors, Jr., of Albuquerque, for appellant.

W. A. Keleher, of Albuquerque, for appellee.

### OPINION OF THE COURT.

ROBERTS, C. J.   This case involves the right of the city of Albuquerque to carry group insurance on the lives of the employees of said city.   The right of the city to do so must be answered in the affirmative under the recent decision of this court in the case of Nohl v. Board of Education of the City of Albuquerque, 27 N. M. 232, 199 Pac. 373, as the admissions contained in the pleadings are similar to those in the pleadings in that case.

There is one additional point presented by this case which was not in the case referred to.   It is

argued by the appellant that the payment of premiums on the policy by the city, which inured to the benefit of the employees and officers of the city, constituted an increase in the salary of the officer during the term for which he was appointed, in violation of section 3598, Code 1915. This statute provides that the emoluments of no officer of any city or town shall be increased or diminished during the term for which he shall be elected or appointed. Section 3590, Code 1915, provides for the appointment of a city marshal and certain other officers of cities. The city of Albuquerque, however, is governed by a commission under a charter adopted pursuant to the provisions of chapter 121, Laws 1919. Under section 1, article 5, of this act a city manager is employed for an indefinite term, subject to removal by the commissioners of the city at any time without cause. Under section 4 of article 5, the manager employs all other officers and employees of the city, and has the right to discharge them at any time. The group insurance policy covered all officers and employees of the city except the city commissioners; that is to say it insured the city manager and the officers and employees appointed by him. It will thus be seen that the statute referred to can have no application to the officers and employees of the city of Albuquerque covered by the policy in question, as such officers have no terms of office.

In the case of State ex rel. Kane v. Johnson (Mo.) 25 S. W. 855, the question arose as to the right of the council to increase the salary of the chief engineer in the fire department of the city of St. Joseph. Section 1244, R. S. 1889, was somewhat similar to section 3598 of our Code. It prohibited the increase or decrease of the salary of an officer of the city during his term of office. The court held that the chief engineer was an officer of the city, but that as he had no term of office the statute did

not apply. The same conclusion was reached by the Supreme Court of South Dakota in the case of Somers v. State, 5 S. D. 321, which was reconsidered by the court, without change however; 5 S. D. 584, 59 N. W. 962. See, also, Gibbs v. Morgan, 39 N. J. Eq. 126. We know of no authority to the contrary.

The judgment of the lower court, sustaining the right of the city to carry group insurance under the pleadings in the case, must be upheld, and its judgment will be affirmed; and it is so ordered.

RAYNOLDS and PARKER, JJ., concur.