MAYOR AND ALDERMEN OF CITY OF VICKSBURG *v.* CRICHLOW.

(In Banc. Feb. 14, 1944. Suggestion of Error Overruled Feb. 28, 1944.)

[16 So. (2d) 749. No. 35391.]

**R. M. Kelly,** of Vicksburg, for appellant.

264

Brunini & Brunini and **W. I. McKay** (now deceased), all of Vicksburg, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Crichlow filed his petition for writ of mandamus to compel the officials of the City of Vicksburg to comply with the provisions of the Act of May 6, 1940, chap. 287, which requires that in cities with a population of 10,000 or more "it shall be the duty of the governing authorities of said municipality to create and maintain a fund known as 'Disability and relief fund for firemen and police-men.' " The Act further provides that such fund is to be created by an annual tax levy of not more than one mill supplemented by one per cent of the monthly salaries of its policemen and firemen and by gifts, donations and otherwise. To qualify for the benefits of the Act as a retired employee, an applicant must have been in paid fire or police department service for as long as twenty years, the last seven years and six months of which shall have been continuous in the city where application is made. It is further provided that: "Any member who has been retired or is voluntarily retired under this act, or who has received relief or disability benefits under this act, shall be required to report to the heads of such departments at least once every month to perform such duties as they may be required of them." Section 13. The petitioner alleged his qualifications as an employed fireman under the Act and showed demand upon the governing authorities to comply with the Act and to retire him from active duty according to its provisions.

Demurrer was interposed by the city and overruled by the trial court. Whereupon the city filed its affidavit of merits, together with a general issue plea, which, upon motion, were ordered stricken by the court and, in default of further pleading, final judgment was awarded on the original petition.

We consider first the alleged error in overruling the demurrer of the city and the consequent entry of judgment on the petition. The only assigned grounds which we find appropriate to notice are those involving the asserted unconstitutionality of Chapter 287 of the Act of 1940. This attack is directed to challenges that it is class legislation; that it retires officers on part pay and constitutes a grant or gratuity in violation of Section 93 of the Constitution of 1890; maintains the salary of an officer after his duties have been taken away, Sec. 108, id.; allows an officer to hold office or employment without personally devoting his time thereto, Sec. 267, id.; and runs counter to the requirement that no person shall be elected or appointed to office in this state for life or during good behaviour, and that the term of all offices shall be for some specified period, Sec. 20, id.

We are of the opinion that none of the cited sections is applicable to the case here presented. It should be mentioned that we are dealing solely with the right of a fireman employed by a municipality to retirement from his regular duties but subject to supernumerary tasks, to receive the benefits intended by the Act. The constitutional prohibitions are not in their language nor context broad enough to encompass a city fireman within their definition or purpose.

We need not supplement our conclusions with reasoning why these provisions of the Act as applied to appellee should be held without constitutional infirmity. These objections have been thoroughly canvassed by the courts and while there is here and there a discordant note, the overwhelming weight of authority upholds this benevolent expression of legislative power. The policy out of which such pensionary aid has evolved is governmental and has developed, not as an engrafting of innovation upon alien stock but springs from the seedling of public policy. That the retirement benefits are not gratuities, nor for a private purpose nor the lending of credit, has been settled upon extensive authority. Such pension is

not "extra compensation" but being prospective it serves a beneficent and useful governmental function in its propensity for stimulating and rewarding faithful public services in a hazardous employment. State v. Ziegenhein, 144 Mo. 283, 45 S. W. 1099, 66 Am. St. Rep. 420, is an outstanding case often cited as authority for an opposite view. The invalidity of the statute there involved was based upon the finding that pensions to disabled or retired policemen were considered a taxation for a private purpose. The decision is rested upon Mead v. Inhabitants of Acton, 139 Mass. 341, 1 N. E. 413, in which the statute dealt with pensions or bonuses to war veterans disconnected from any municipal service. The distinction is pointed out in State ex rel. Haberlan v. Love, 89 Neb. 149, 131 N. W. 196, 34 L. R. A. (N. S.), 607, Ann. Cas. 1912C, 542. Its availability to such employee is thus made a part of his contract of employment.

We need not pause to reason defensively that the same Constitution, which is sought to be interposed as a barrier to the state's control of municipal administration, provides that even its officers are subject to control or removal through legislative action, Constitution 1890, Section 139. It is enough that the asserted constitutional barriers have been found by sound decisions not adequate to bar the progress and development of an awakened sense of governmental responsibility. Com. ex rel. Philadelphia Police Pension Fund Ass'n v. Walton, 182 Pa. 373, 38 A. 790, 61 Am. St. Rep. 712; People v. Abbott, 274 Ill. 380, 113 N. E. 696, Ann. Cas. 1918D, 450; Bowler v. Nagel, 228 Mich. 434, 200 N. W. 258, 37 A. L. R. 1154; Cobbs v. Home Ins. Co., 18 Ala. App. 206, 91 So. 627; United States v. Hall, 98 U. S. 343, 25 L. Ed. 180; Hammitt v. Gaynor (Sup.), 144 N. Y. S. 123; State ex rel. Haberlan v. Love, supra; 43 C. J. 842; Abbott Municipal Corporations, Sec. 707; 40 Am. Jur. "Pensions", p. 971; McQuillin, Municipal Corporations (2d Ed. Rev.), Sec. 2582, citing numerous decisions. The imposition of a tax for the maintenance of this fund is not beyond legislative power

nor does it constitute class legislation. Adams v. Kuy-kendall, 83 Miss. 571, 35 So. 830; State v. Lawrence, 108 Miss. 291, 66 So. 745, Ann. Cas. 1917E, 322; 12 C. J. 754, 1128; 16 C. J. S., Constitutional Law, p. 954, Sec. 489; 43 C. J. 743, 824; McQuillin, op. cit., supra, Sec. 255. The Act requires the maintenance of a contractual relation between the city and the employee, and the meat of the relationship is found not in the extent of those services but in their compelled availability.

The narrow shackles imposed by a shortsighted construction of constitutional limitation have been progressively relaxed so as to give play to impulses which rise above mere beneficence and attain the recognition and dignity of a public duty and purpose. If occasion demands these provisions should do this end be given a liberal construction. McQuillin, op. cit., supra, pp. 276, 577.

When the demurrer was overruled, the city was entitled to plead further upon filing the affidavit of merits 2 Miss. Code 1942, Sec. 1491 (Code 1930, Sec. 547). We must therefore first examine the alleged error of the trial court in striking the affidavit and plea. It is the sufficiency of the affidavit, however, which is controlling, since the plea was not properly filed otherwise. The cited statute requires that the affidavit must set forth "fully the nature of the defense." This requirement, while clear in its purpose, is not subject to exact definition save with reference to the particular case. It precludes mere generality and its sufficiency is commended to the judgment of the trial judge who must be thereby supplied with particulars from which he may accurately adjudge whether such purported defense is "good and substantial." Mere generalities are but conclusions of the pleader. The asserted grounds must disclose details of defense which if established are sufficient in law.

In the case at bar, such asserted defenses included the allegations that the petitioner "is not of the class of persons" entitled to benefits of the Act; that the City of

Vicksburg has not complied with the Act; and, among other assertions, that petitioner had been discharged as a fireman. The striking of the affidavit, which is tantamount to a finding that these allegations did not disclose a "good and substantial defense" and did not fully set forth the nature of the defense, will not be disturbed by us. Nor was it aided by the recital of the general issue plea filed therewith for it merely echoed its generality.

We come now to the form of the judgment awarded the petitioner. It recites that "the petitioner is entitled to the relief prayed for and to a peremptory writ of mandamus" and that he "have of the defendants all and singular the relief of them prayed for in his said petition and to which he is entitled as of right and law on the premises, and to enforce which relief the peremptory writ of mandamus shall issue forthwith . . ." The petition prayed for the writ and for retirement on a monthly pay of $63.50. The petition alleged that he "applied for retirement and relief under said act." It is not shown how a proper application could have been filed before the proper board was constituted. Petitioner must be held to a consistent position. His demand that the appellant comply with the Act must be matched with his own conformity with its terms. His allegation that he is qualified for benefits thereunder is sufficient to justify his application for the writ but does not establish the merits of his claim, the determination of which involves more than mere ministerial action.

The judgment is too broad in that it includes a prejudgment of matters within the discretion of the board. Moreover, not all the duties imposed upon the appellant by the statute can be enforced by mandamus. In one particular, the writ directs performance of a duty already being complied with. It may go no further than to require specifically the doing of those ministerial duties which the law imposes upon the defendant and of which the petitioner may avail.

We have not pursued arguments relating to attacks upon other separable provisions of the Act, not applicable to the petitioner nor to the facts here involved. Nor are we concerned with whether the practical functioning of the statute jibes with its legislative idealism. Other technical objections to the statute have been found without merit. Authority need not be adduced to sustain the propriety of proceeding by mandamus.

Affirmed in part, reversed in part, and remanded.

### Dissenting Opinion.

**Anderson, J.,** delivered a dissenting opinion.

The statute is a subterfuge by which it is sought to cover up so as not to be discovered a violation of our Constitution prohibiting pensions to public officers and employees. The statute violates Section 20 of the Constitution which prohibits any person to be elected or appointed to any office in the state for life or during good behaviour, and that the term of all officers shall be for a specified period; and violates Section 108 which provides that whenever the legislature shall take away the duties pertaining to any office then the salary of the office shall cease; and Section 267 is violated, which is in this language: "No person elected or appointed to any office or employment of profit under the laws of this state, or by virtue of any ordinance of any municipality of this state, shall hold such office or employment without personally devoting his time to the performance of the duties thereof."

Section 93 of the Constitution is violated, which is in this language: "The legislature shall not retire any officer on pay, or part pay, or make any grant to such retiring officer."

Section 96 of the Constitution is also violated, which is in this language: "The legislature shall never grant extra compensation, fee, or allowance, to any public officer, agent, servant, or contractor, after service rendered or

contract made, nor authorize payment, or part payment, of any claim under any contract not authorized by law; but appropriations may be made for expenditures in repelling invasion, preventing or suppressing insurrections.''

It will be observed that this section prohibits extra compensation, fee or allowance to any public officer, *agent, servant or contractor* after service rendered. Our court held in Monette v. State, 91 Miss. 662, 44 So. 989, 124 Am. St. Rep. 715, a policeman was an officer as defined in Section 20 of the Constitution. Volume 35 of Words and Phrases, Perm. Ed., Page 228, gives the following definition of a public officer: ''A 'public officer' being one who renders a public service, or service in which the general public is interested, a municipal fireman is a public officer, as he is charged with the public duty of protecting the property in the municipality from fire.''

If a fireman is not a public officer, surely he is an agent or employee for profit under the provision of Section 267 of the Constitution.

Certainly the municipality would be without authority under the law to permit its officers and employees to remain idle except when requested to render services at appointed times fixed for that purpose. The municipality is required to provide a *sufficient* number of officers and employees to carry on its affairs continuously without their duties being left to call to service at stated periods.

If this statute is constitutional, it appears to me to mean that every state, county and municipal officer in the state could be retired on a pension in the same manner.