PALMERTREE *v.* GARRARD, et al.

In Banc. Dec. 12, 1949

No. 37172 (43 So. (2d) 381)

**Hardy Lott,** for appellant.

**A. H. Bell,** for appellees.

Alexander, J.

This is a taxpayer's suit for injunction against the commissioners of the municipal Water and Electric Light Commission of the City of Greenwood, acting under appointment under authority of Code 1942, Sections 3524-3531. The prayer of the bill is for injunction against putting into effect the disability and pension system for its employees as authorized by House Bill 27 of the Extraordinary Session of 1947. The provisions of this act will be set out in the margin by the reporter,[1] The

[1]"Section 1. Be it enacted by the Legislature of the State of Mississippi:

"That the water and light commission of the city of Greenwood is authorized to establish a pension, disability, and annuity retirement system for the employees of the electric light system and water works, operated by the municipality.

"Section 2. The fund for such pension, disability, and annuity retirement system shall be created from any or all of the following sources:

"(a) From the proceeds of the assessment on the wages and salaries of the employees of any such electric light, water works, or gas public utility systems eligible to receive the benefits thereof.

"(b) From the interest on any permanent fund which may be created by gift, bequest, appropriations, assessment, or otherwise any

attack is upon its constitutionality, sections 87, 88, and 96 of the Constitution of 1890 being brought into view.

Section 87 is as follows: "No special or local law shall be enacted for the benefit of individuals or corporations, in cases which are or can be provided for by general law, or where the relief sought can be given by any court of this state; nor shall the operation of any general law be suspended by the legislature for the benefit of any individual or private corporation or association, and in all cases where a general law can be made applicable, and would be advantageous, no special law shall be enacted." This section applies only to private corporations. Feemster v. City of Tupelo, 121 Miss. 733, 83 So. 804; City of Greenwood v. Telfair, Miss.,

---

such permanent fund may be invested in the same securities as other public funds of a municipality are permitted to be invested.

"(c) From monies derived from the operation of such electric light and water works available and appropriated therefor by the governing authority of the municipal public utility systems. Such monies so expended shall constitute an operating expense of such utility.

"Section 3. The water and light commission of the said city of Greenwood may formulate and establish such pension, disability, and annuity retirement system, and may make and establish such rules and regulations for the operation thereof as may be deemed necessary or appropriate, including the right to define how employees shall become eligible, what length of service must be necessary before retirement, and what assessment shall be made against the wage or salary of such employee.

"Section 4. The water and light commission of the city of Greenwood shall have the right and power to contract with any legal reserve insurance company authorized to conduct its business in the state of Mississippi, for the payment by such insurance company authorized to conduct its business in the state of Mississippi, for the payment by such insurance company of the pensions, disabilities, and annuities provided in any such pension, disability, and annuity retirement system as may pay the premiums accruing under such contract out of the funds provided for in section 2 hereof.

"Section 5. That this act take effect and be in force from and after its passage.

"Approved March 15, 1947."

42 So. (2d) 120, not yet reported in State reports. The municipality is for all purposes the defendant here.

Section 88 is to the following effect: "The legislature shall pass general laws, under which local and private interests shall be provided for and protected, and under which cities and towns may be chartered and their charters amended, and under which corporations may be created, organized, and their acts of incorporation altered; and all such laws shall be subject to repeal or amendment." The City of Greenwood operates under a commission form of government, pursuant to the Code chapter. As to whether Section 88 was violated by a local law which amended such City's "Charter", was presented to us in the Feemster case and this Court approved a special act authorizing the Town of Tupelo to issue bonds for a purpose not accorded to other similar municipalities. It was held that Section 88 was not thereby violated. Support was found in Yazoo City v. Lightcap, 82 Miss. 148, 33 So. 949, and Sick v. City of Bay St. Louis, 113 Miss. 175, 74 So. 272. That the two cases involved cities operating under special charter is a distinction without controlling difference.

In Mayor and Aldermen of City of Vicksburg v. Crichlow, 196 Miss. 259, 16 So. (2d) 749, we held that retirement benefits provided for under the Firemen's and Policemen's Pension Act, Laws 1940, Chapter 287, were not "extra compensation" in defiance of Constitution 1890, Section 96. The record before us does not reveal the conditions applicable to the "system" to be established by appellees. The injunction prayed for here seeks to forbid the setting up of any system.

It is in point to notice the source of the funds by which the system will be made operable. These are indicated in the quoted Act, none of which involves a diversion or application of tax funds.

We do not find that the burden of showing unconstitutionality has been met nor that it was outside the

competence of the Legislature to authorize the appellants to establish a proper system applicable to the employees of the Electric Light & Water Works of the City of Greenwood.

Affirmed.