

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 28, 1969

Hon. Robert S. Calvert                    Opinion No. M- 408
Comptroller of
  Public Accounts
State Capitol Building               Re: Insurance for Legislators
Austin, Texas    78711

Dear Mr. Calvert:

Reference is made to your letter in which you request an opinion

from this office as to the captioned matter.  We quote from your

letter, in part, as follows:

> "Your official opinion is requested as to
> whether the Comptroller is authorized to pay in-
> surance premiums for members of the Legislature.
> An account for such payment has been received by
> this office.
>
> "Section 19 (sic) (Section 24) of Article III of
> the Constitution of Texas provides in part as follows:
> 'Members of the Legislature shall receive from the
> proper funds an annual salary not to exceed  $4,800.
> per year. . .A per diem not to exceed  $12.00 per day
> for the first 120 days only of each regular session of
> the Legislature.' (Emphasis added.)
>
> "In addition. . . Section 6 of Article XVI of the
> Constitution of Texas forbids any appropriation for
> private or individual purposes.
>
> "Particularly in view of the Constitutional provisions
> quoted above relating to the compensation of members
> of the Legislature, is an account calling for the expendi-
> ture of funds, in excess of the limitation set out in the
> Constitution, for the purchase of the below listed types

-2023-

of insurance a valid claim against funds in the State
Treasury which the Comptroller is authorized to pay?

"1. Premiums for sickness and accident in-
surance for members of the Legislature.

"2. Premiums for sickness and accident in-
surance for members, which includes benefits for
dependents.

"3. Premiums for life insurance for members.

"4. Premiums for life insurance for members which
includes coverage of dependents."

It appears that the legal questions with which you are concerned in-
volve whether the payment of the insurance premiums would (1) consti-
tute additional "salary", "per diem" or "mileage" in violation of the
limitation on such items in Article III, Section 24, Constitution of
Texas, or (2) would constitute an appropriation for private or individ-
ual purposes in violation of Article III, Section 51, and Article XVI,
Section 6, Constitution of Texas. With this understanding, we con-
fine our considerations to such questions.

There are at least four Texas Constitutional prohibitions considered
pertinent in respect to such questions, to-wit:

1. Those contained in Article III, Section 51, to the effect that:

"The Legislature shall have no power to make any
grant or authorize the making of any grant of public
moneys to any individual, association of individuals,
municipal or other corporations whatsoever. . . ";

2. Those contained in Article VIII, Section 3, to the effect that:

"Taxes shall be levied and collected by general laws and for public purposes only."; and,

3. Those contained in Article XVI, Section 6, to the effect that:

"(a) No appropriation for private or individual purposes shall be made   unless authorized by this constitution."

4. Those contained in Article III, Section 24, Constitution of Texas, which reads:

"Sec. 24. Members of the Legislature shall receive from the Public Treasury an annual salary of not exceeding Four Thousand, Eight Hundred Dollars ($4,800) per year and a per diem of not exceeding Twelve Dollars ($12) per day for the first one hundred and twenty (120) days only of each Regular Session and for thirty (30) days of each Special Session of the Legislature. No Regular Session shall be of longer duration than one hundred and forty (140) days.

"In addition to the per diem the Members of each House shall be entitled to mileage in going to and returning from the seat of government, which mileage shall not exceed Two Dollars and Fifty Cents ($2.50) for every twenty-five (25) miles, the distance to be computed by the nearest and most direct route of travel, from a table of distances prepared by the Comptroller to each county seat now or hereafter to be established; no Member to be entitled to mileage for any extra Session that may be called within one (1) day after the adjournment of the Regular or called Session."

Article 3.50 of the Texas Insurance Code provides the statutory authorization for group life insurance coverage and Article 3.51 of the Texas Insurance Code provides the statutory authorization for group health, accident, hospitalization, etc., insurance.

Hon. Robert S. Calvert, page 4, (M-408)

This opinion is further written on the assumption that your inquiry is directed to the payment by the State of premiums on such group life, health, accident, hospital, etc., insurance policies covering members of the Legislature and their dependents and as to how the same may be authorized or prohibited in light of the constitutional and statutory provisions hereinbefore quoted or referred to; and it is so limited.

In holding that the city's firemen and policemen's pension plan was not violative of Constitutional Article I, Section 16; Article III, Sections 44, 51-53; Article VIII, Section 3; and Article XVI, Section 6, prohibiting application of public funds to private purposes or gratuitous grants of such funds to individuals, the Supreme Court of Texas, in 1938, in the case of Byrd v. City of Dallas, et al, 118 Tex. 28, 6 S.W.2d 738, held that the pension concerned was not a gratuity but was for a public purpose and a benefit conferred in consideration of services rendered. The Court stated:

> "It is academic to say the Legislature has power to pass any law which its wisdom suggeststhat is not forbidden by some provisions of the Constitution (federal or state). If the pension provided for in this Act is a gratuity or a donation to the bene- ficiary, it is clearly forbidden by the fundamental law. On the other hand, if it is a part of the compensation of such employee for services rendered to the city, or if it be for a public pur- pose, then clearly it is a valid exercise of the legislative power."

The Byrd case was quoted by this office in Attorney General Opinion WW-731, upholding the constitutionality of Article 2372h-2 Vernon's Civil

-2026-

Statutes, which authorized the counties to pay all or a part of the hospitàlization insurance of county officials and employees.

In Attorney General Opinion No. M-138, in authorizing the comptroller to pay certain group insurance premiums for his employees, this office stated as follows:

> "It has been heretofore held by this office that a state agency may contribute state funds in payment of the premiums of group insurance covering its employees under the provisions of Subsection (a) of Section 1 of Article 3. 51, of the Insurance Code as amended by Senate Bill 294, Acts of the 60th Legislature (Attorney General;s Opinion No. M-125). Such is a public governmental purpose benefitting the State. Opinion by the Justices, 30 So. 2d 14 (Ala. Sup. 1947); Bowers v. City of Albuquerque, 27 N. M. 291, 200 P. 421 (1921); Thompson v. City of Memphis, 147 Tenn. 658, 251 S. W. 46 (1923); People v. Standard Accident Ins. Co., 42 Cal. App. 2d 490, 108 P2d 923 (1941).
>
> "We are in agreement with the reasoning of the Supreme Court of Mississippi in Mayor and Aldermen of City of Vicksburg v. Crinchlow, 196 Miss. 259, 16 So. 2d 749 (1944), wherein the statute concerning benefits to governmental employees was upheld as not being gratiuties and as not extra compensation, but being prospective it serves a beneficient and useful governmental function in its propensity for stimulating and regarding faithful public services."

The question iɔ then presented as to whether payment of such premiums would constitute a public purpose. If any grounds exist to support a finding that an act was for a "public purpose",

then such act must be upheld. On the other hand, if no logic or reason can show such act to benefit the public, then such finding must be held not to be supported by any valid evidence.

In view of the foregoing, we are of the opinion that there exists no constitutional inhibition as to the use of state funds and their application to group sickness and accident policy premium payments for legislators themselves. Such an expenditure serves a beneficient and useful public or governmental function in helping to assure maximum state service and is directly related to the health and well being of state servants in the performance of their duties. This would not constitute an expenditure of public funds for private or individual purposes. The primary purpose or benefit accrues to the state, and the benefit to the individual is deemed as incidental and as not rendering the expenditure invalid or unconstitutional.

We do not interpret such a benefit as additional "salary", "per diem" or "mileage", as those terms are used in Article III, Section 24 of the Constitution of Texas. This constitutional provision deals only with those specific emoluments and operates as a limitation merely as to them. "Salary" has been distinguished from "emolument",

-2028-

the latter term being deemed more comprehensive. 67 CJS 326, Officers, Sec. 89. It is likewise shown that "compensation" includes salary but may not in all cases mean the same thing, depending upon the context in which it is used. It is our opinion that the meaning of "salary" as used in the constitution must be given its plain and ordinary literal meaning, that is, salary compensation, and does not necessarily include every benefit or perquisite arising from the possession of the office. The Constitution does not provide that no other emolument, perquisite, or benefit may be enjoyed by members of the legislature. Cf: Terrell v. King, 118 Tex. 237, 241, 14 S. W. 2d 786, 791 (1929); State v. Aranson , 314 P 2d 849, 853 (Mont. Sup. 1957); Spearman v. Williams, 415 P2d 597 (Okla. Sup. 1966).

Although we have answered your first question in the affirmative, we must answer question No. 2 in the negative. Payment of premiums for sickness and accident insurance for dependents of legislators would not constitute an expenditure for a public purpose but would be an appropriation for private or individual purposes, and in violation of Article III, Section 51, and Article XVI, Section 6, Constitution of Texas.

We must likewise answer questions 3 and 4 in the negative. Subsection (a) of Section 1, Article 3. 51 of the Insurance Code provides for such payments for members and their dependents but only as to hospital, surgical and/or medical expense insurance. Subsection (3)

Section 1 of Article 3.50 contains no language which would authorize coverage for dependents of either state employees or other state personnel or officials insofar as life insurance is concerned. The object of life insurance is to "secure to the family of a person who is dependent on a salary or the income which ceases with his life, a support on the death of the insured. "44 CJS 480, Insurance, Sec. 18." Thus, the pecuniary benefits to the benificiary flowing therefrom are mainly for a private or individual purpose, unrelated to furthering the performance of the state legislator on the job. Payments for life insurance would, in our opinion, be unconstitutional, being in violation of Article III, Section 51, and Article XVI, Section 6, Constitution of Texas, since not authorized by the Constitution as required thereby.

## SUMMARY

There is no constitutional prohibition against the use of state funds to make premium payments on group health and accident insurance policies for members of the legislature.

-2030-

There is a constitutional prohibition against the use of state funds for payments of premiums on group life policies for legislators and the dependents of state legislators and for group health and accident policies covering the dependents of legislators.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Co-Chairman
Alfred Walker
Neil Williams
James S. Swearingen
John H. Banks

W. V. Geppert
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant